**8920 CORPORATION and Leslie C. Bostick, Appellants,**

v.

**ALIEF ALAMO BANK, Appellee.**

No. C14–86–273–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 20, 1986.

Rehearing Denied Jan. 8, 1987.

Paul R. Lawrence, Michael J. Adams, Houston, for appellants.

C. Ed Harrell, Thomas A. Hunter, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellee, Alief Alamo Bank, sued appellants, 8920 Corporation, and Leslie C. Bostick, president of 8920 Corporation, to recover damages incurred when appellants defaulted on two promissory notes. The trial court granted summary judgment in favor of appellee. We affirm.

Appellants bring four points of error on appeal. In the first three points appellants assert the granting of summary judgment was improper because: (1) Appellee failed to offer sufficient summary judgment proof; (2) the motion for summary judgment failed to designate the specific grounds upon which appellee relied; and (3) the affidavit of an executive vice president of appellee Bank, R. Rick Hollingsworth, was incompetent evidence. Appellants' fourth point of error contests the attorney's fees awarded in the first note.

On April 2, 1984, appellant Corporation executed and delivered to appellee Bank a one-year promissory note, secured by a deed of trust, in the amount of $250,000.00. Interest installments were payable quarterly and the maturity date of the note was April 2, 1985. Appellant Bostick acted as continuing guarantor of the note, executing an agreement on April 2, 1984. On June 15, 1984, Bostick executed and delivered to appellee Bank an unsecured promissory note in the amount of $3,157.68, payable in twelve monthly installments.

Appellant Corporation defaulted on the first quarterly interest installment, due July 2, 1984. After notice and demand, appellee accelerated the entire balance, pursuant to the terms of the note, and sold the property securing the note at a foreclosure sale on December 4, 1984. The sale proceeds were applied to the note.

Appellant Bostick failed to pay the November 1984 installment on his promissory note and has made no further payments to date.

On April 18, 1985, appellee filed suit against appellants 8920 Corporation and Leslie C. Bostick as guarantor to recover the deficiency amount owing on the first note, plus interest and attorney's fees; and against appellant Bostick to recover the amount owing on the second note, plus interest and attorney's fees.

■ In their first point of error, appellants contend summary judgment was improperly granted because appellee failed to offer sufficient summary judgment proof. Appellants' brief alleges generally the existence of material fact issues. Their Response to Motion for Summary Judgment also makes the statement that fact issues were raised concerning the foreclosure transaction. However, appellants offer no summary judgment proof to raise the fact issues asserted. Therefore, the proof offered by appellee must be legally sufficient to support summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

■ We find appellee's proof to be legally sufficient. Attached to the Motion for Summary Judgment and incorporated for all purposes are copies of the original petition; the two promissory notes upon which appellee sued; the Deed of Trust securing the first note; the continuing guaranty; and an affidavit of an executive vice president of the bank, R. Rick Hollingsworth. Hollingsworth's affidavit established appel-

lee as owner and holder of the notes, deed of trust, and continuing guaranty agreement. It also gave the deficiency amount owing on the first note as $105,093.23 plus interest and reasonable attorney's fees; and the amount on the second note as $2,742.61 plus interest and reasonable attorney's fees. Appellants have failed to challenge the statements made in Hollingsworth's affidavit by any controverting evidence that would raise an issue of fact. *Clear Creek,* 589 S.W.2d at 678. Appellee's proof is sufficient to support the judgment. We overrule appellants' first point of error.

■ Appellants argue in their second point of error that summary judgment was improperly granted since the Motion for Summary Judgment failed to designate the specific grounds upon which appellee relied. Their argument is apparently based on the fact that appellee's Motion for Summary Judgment incorrectly names Craig Wooten, an executive vice president of the Bank, as having made the attached affidavit. In fact, Rick Hollingsworth, another vice president, was the affiant. The substitution of names by appellee is a minor discrepancy, irrelevant to the specific grounds upon which appellee relied. The Hollingsworth affidavit, as we have shown above, states with specificity the elements of appellee's suit on the two promissory notes. Appellee has clearly complied with Rule 166–A(c) of the Texas Rules of Civil Procedure; we fail to see what further information appellee should have included. Appellants' second point of error is overruled.

Appellants' third point of error alleges summary judgment was improperly granted because the Hollingsworth affidavit was incompetent evidence. According to appellants, the affidavit states legal conclusions rather than facts. Appellants also maintain the affidavit does not demonstrate the method used by appellee to compute the amounts due on the notes.

■ We find both contentions without merit. Our review of the affidavit indicates the following facts: The affidavit was made on Hollingsworth's personal knowledge; the notes and guaranty agreement were identified; and the principal balances and interest due were recited. Such statements are clearly not conclusory.

Moreover, appellants have presented no controverting affidavits that could raise a fact issue as to appellee's method of computation and the accuracy of its figures. Appellants have not met their burden. *Sharpe v. Lomas & Nettleton Financial Corp.,* 601 S.W.2d 55 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). Appellants' third point of error is overruled.

■ Appellants' final point of error claims the attorney's fee awarded in the first promissory note was in error. The note attached to the Motion for Summary Judgment as Exhibit "A" determines the attorney's fee in the following manner:

If default is made in the payment of this note and it is placed in the hands of an attorney for collection ... Maker agrees to pay an additional amount equal to *fifteen percent (15%) of the entire amount then due and payable as stipulated attorney's fees.* (emphasis added).

Appellants' claim that the attorney's fee should be based on $105,093.23 rather than on $266,385.42 (the amount due at the time of default), is erroneous. The clause in the note dealing with attorney's fees is clear on its face; the fee is to be calculated as of the date of default. There is no other reasonable interpretation.

■ Furthermore, appellants neither presented evidence raising a fact issue as to accuracy, nor objected at the summary judgment hearing to the amount of attorney's fees stated in the Hollingsworth affidavit. Appellee was given no opportunity to clarify the question by supplemental affidavit. We overrule appellants' fourth point of error.

The judgment of the trial court is affirmed.