Affirmed and Memorandum Opinion filed June 25, 2009








Affirmed
and Memorandum Opinion filed June 25, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00184-CV

____________

 

RAGHBIR SANDHU, Appellant

 

V.

 

PINGLIA INVESTMENTS OF TEXAS,
L.L.C. AND SUMER PINGLIA, Appellees

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No. 2006-64473

 



 

M E M O R A N D U M O P I N I O N

Appellant,
Raghbir Sandhu, appeals a summary judgment in favor of appellees, Pinglia
Investments of Texas, L.L.C. and Sumer Pinglia, in their suit to recover on a
promissory note.  In four issues, Sandhu contends (1) the trial court erred by
granting summary judgment after trial began, (2) there was a genuine issue of material
fact on whether Sandhu received the loan proceeds at issue, (3) there was no
competent summary-judgment evidence regarding the amount of damages, and (4)
Sandhu raised a fact issue on each element of his affirmative defenses.  We
affirm. 








I.  Background

In 2005,
appellant, Raghbir Sandhu, was planning a move from California to Texas.  He
wished to purchase a piece of property in Texas, and friends recommended he
speak with Kuldip Singh.  According to Sandhu, Singh told him he was a
real-estate broker.[1]  Singh showed
Sandhu the Woodforest North Plaza Shopping Center and eventually arranged a
meeting between Sandhu and appellee Sumer Pinglia.  Appellee, Pinglia
Investments of Texas, L.L.C. (APinglia Investments@), was selling the property; Sumer
Pinglia is the principal of Pinglia Investments.  The property contained rented
retail space as well as a washateria, which was owned and operated by Pinglia
Investments.  When Sandhu could not secure a loan to cover the purchase price,
he asked Pinglia to loan him the remaining amount of money.  On August 29,
2005, Sandhu executed a Subordinate Real Estate Lien Note in which he was
listed as the maker and Pinglia Investments as the payee.  The original
principal amount of the loan was $200,000; however, another version of the
document shows that number crossed out and $131,000 written in with the
initials of the parties next to the change.  During his deposition, Sandhu
admitted the parties made this change.  According to the terms of the note, the
scheduled maturity date was August 29, 2006, twelve months from the date of the
note.   

In October 2006, Pinglia and Pinglia Investments sued
Sandhu for breach of the promissory note, claiming that Sandhu did not make any
payments.  Sandhu filed a verified original answer, denying the allegations,
contending conditions precedent to the filing of suit had not been satisfied,
claiming the suit was barred by the doctrine of release, and asserting the
affirmative defenses of estoppel, waiver, statute of frauds, fraud, and failure
of consideration.  In October 2007, Pinglia Investments moved for partial
summary judgment.  Sandhu filed a response followed by a supplemental response. 









The
trial court considered the motion for partial summary judgment after the jury
had been selected.  At the end of the hearing, the trial court orally granted
the motion.  Subsequently, Pinglia Investments filed a proposed final judgment
and motion for entry of final judgment.  Sandhu filed a motion for
reconsideration of the motion for partial summary judgment, stating that, when
the trial court heard the motion, it was unclear whether the supplemental
response was timely filed.  Sandhu submitted a certified copy of his
supplemental response and requested the court to reconsider the motion for
partial summary judgment.  Sandhu also filed an objection and exception to the
proposed judgment.  The trial court denied the motion for reconsideration and
overruled the objection and exception to final judgment.  On January 25,
2008, the trial court signed a final judgment, awarding Pinglia Investments
$199,853.28 in damages, representing the principal, interest, and penalties
owed by Sandhu under the promissory note.  

II.  Standard of Review 








A party moving for traditional summary judgment must
establish that no genuine issue of material fact exists and it is entitled to
judgment as a matter of law.  See Tex. R. Civ. P. 166a(c);  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215B16 (Tex. 2003). In
particular, a plaintiff moving for summary judgment must conclusively prove all
essential elements of its claim.  Cullins v. Foster, 171 S.W.3d 521, 530
(Tex. App.CHouston [14th Dist.] 2005, pet. denied) (citing MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986)).  If the movant facially
establishes its right to summary judgment, the burden shifts to the non-movant
to raise a genuine issue of material fact sufficient to defeat summary
judgment.  See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.
1995); Lundstrom v. United Servs. Auto. Ass=n‑CIC, 192 S.W.3d 78,
84 (Tex. App.CHouston [14th Dist.] 2006, pet. denied).   If, as
here, the non-movant relies on an affirmative defense to oppose the summary-
judgment motion, he must provide sufficient summary-judgment evidence to create
a fact issue on each element of the defense.  See Brownlee v. Brownlee,
665 S.W.2d 111, 112 (Tex. 1984); Anglo‑Dutch Petroleum Int=l, Inc. v. Haskell, 193 S.W.3d 87,
95 (Tex. App.CHouston [1st Dist.] 2006, pet. denied).  The
non-movant is not required to prove the affirmative defense as a matter of law;
raising a material fact issue is sufficient to defeat summary judgment.  See
Brownlee, 665 S.W.2d at 112; Anglo‑Dutch Petroleum, 193 S.W.3d
at 95. 

We review a summary judgment de novo.  Knott, 128
S.W.3d at 215.  We take all evidence favorable to the nonmovant as true and
indulge every reasonable inference and resolve any doubts in favor of the
nonmovant.  Id.

III.  Analysis

A.      Summary
Judgment After Trial Began

In his first issue, Sandhu asserts the trial court erred in
granting the motion for partial summary judgment after trial had commenced. 
Furthermore, Sandhu contends the grant of the motion for summary judgment
deprived him of his fundamental right of trial by jury.  The reporter=s record is an
excerpt from the proceedings and does not indicate at what point the trial
court conducted the hearing on the motion for partial summary judgment, other
than it was held outside the presence of the jury.  According to the docket
sheet entry, it was after the jury had been seated and sworn.








The Texas Rules of Civil Procedure require only that a
certain amount of notice be provided to the non-movant before a motion
for summary judgment is heard.  See Tex. R. Civ. P. 166a(c) (AExcept on leave of
court, with notice to opposing counsel, the motion and any supporting
affidavits shall be filed and served at least twenty-one days before the time
specified for hearing.@).  Sandhu cites, and we find, no
authority prohibiting a trial court from considering a motion for summary
judgment after trial has begun as long as the non-movant received the requisite
notice.  In this case, it is uncontested that proper notice was given under the
rules.[2] 
Accordingly, the trial court did not err by hearing the motion for summary
judgment after trial began.  

Nor did the trial court deprive Sandhu of his right to a
trial by jury when it granted the motion for summary judgment.[3] 
The Texas Constitution provides, AThe right of trial
by jury shall remain inviolate.@  Tex.
Const. art. I, ' 15.  The right to a jury trial in civil
cases is not absolute; rather, it is regulated by rules specifying its
availability.  See Green v. W.E. Grace Mfg. Co., 422 S.W.2d 723, 725
(Tex. 1968).  When a party cannot show a material fact issue, there is nothing
to submit to a jury, and the granting of summary judgment to the opposing party
does not violate the constitutional right to a jury trial.  Querner Truck
Lines, Inc. v. Alta Verde Indus., Inc., 747 S.W.2d 464, 469 (Tex.
App.CSan Antonio 1988,
no writ); Carrabba v. Employers Cas. Co., 742 S.W.2d 709, 717 (Tex. App.CHouston [14th
Dist.] 1987, no writ).  In issues two through four, we hold that Sandhu did not
raise a material fact issue to preclude summary judgment.  Therefore, the trial
court=s granting of the
motion for partial summary judgment did not violate his constitutional right to
a jury trial.  

Accordingly, we overrule Sandhu=s first issue.  

B.      Whether
Sandhu Received Loan Proceeds








In his second issue, Sandhu contends the trial court erred
in granting summary judgment because there were disputed material facts
regarding the promissory note.  Specifically, Sandhu argues (1) his deposition
testimony reflected that he never received the $131,000, (2) the Notice of
Final Agreement referred to $200,000 as Aextend credit or
make financial accommodations,@ and (3) the Commercial ContractCImproved Property
stated that Pinglia Investments was to pay $131,000 and $69,000 to the
co-operating broker and consultant, respectively.  

In the motion for partial summary judgment, Pinglia
Investments claimed it loaned Sandhu $131,000 under the note and Sandhu never
made payments.  Pinglia Investments stated it was entitled to recover the
principal, $131,000, plus interest and delinquency charges as a result.  Pinglia Investments also argued
that Sandhu=s defenses of breach of the commercial contract and fraudulent inducement
failed as a matter of law.  Attached to the motion for partial summary judgment
was (1) a copy of the promissory note, (2) an affidavit from Sumer Pinglia, (3)
excerpts from Sandhu=s deposition, (4) a copy of Sandhu=s supplemental responses to
interrogatories, (5) a copy of the notice of final agreement, and (6) a copy of
the commercial contract B improved property.

In Sandhu=s response to Pinglia Investments=s motion for
partial summary judgment, Sandhu argued for a continuance and objected to the
motion because it was allegedly filed in violation of the trial court=s docket control
order.  In his supplemental response, Sandhu objected to Sumer Pinglia=s affidavit,
contending it was conclusory, and other exhibits for lack of proper
authentication.  He alleged the affirmative defense of fraud and contended
summary judgment was not proper because exhibit C referred to an agreement for
$131,000, exhibit E referred to an agreement for $200,000, and exhibit F
referred to an attached list of items required of Pinglia Investments but no
list was attached.[4] 









For the first time on appeal, Sandhu argues he never
actually received the $131,000.  The non-movant must expressly present to the trial court, by
written answer or response, any issues defeating the movant=s entitlement to summary judgment.  City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Tello
v. Bank One, N.A., 218 S.W.3d 109, 118 (Tex. App.CHouston [14th Dist.] 2007, no pet.). 
AIssues not expressly presented to the
trial court by written motion, answer or other response shall not be considered
on appeal as grounds for reversal.@  Tex. R. Civ. P. 166a(c).  However,
a motion for traditional summary judgment must stand or fall on its own merits,
and the non-movant=s failure to answer or respond cannot supply by default the
summary-judgment proof necessary to establish the movant=s right.  McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993).  Even if a non-movant
fails to present any issues in its response or answer, the movant=s right is not established by
default;  the movant must still establish its entitlement to summary judgment. 
Id.  AThe effect of such a failure is that the non-movant is limited on appeal
to arguing the legal sufficiency of the grounds presented by the movant.@  Id.

To prove
its promissory-note claim, Pinglia Investments had to establish (1) there was a
note, (2) Pinglia Investments was the legal owner and holder of the note, (3)
Sandhu was the maker of the note, and (4) a certain balance was due and owing
on the note.  Blankenship v. Robins, 899 S.W.2d 236, 238 (Tex. App.CHouston [14th Dist.] 1994, no writ). 
To prove its claim, Pinglia Investments presented a copy of the note and an
affidavit from Sumer Pinglia, stating that the copy of the note was true and
correct.  A photocopy of a promissory note, attached to an affidavit in which
the affiant swears that the photocopy is a true and correct copy of the
original note, is proper summary-judgment proof to establish the existence of
the note.  Id.  The payee establishes ownership of the note when he
attests in an affidavit that he is the owner of the note, attaches a sworn Atrue and correct@ copy of the original note to his
affidavit, the note shows on its face it was issued to him, and there is no
summary-judgment proof showing the note has ever been pledged, assigned,
transferred, or conveyed.  Id. (citing Zarges v. Bevan, 652 S.W.2d
368, 369 (Tex. 1983)).  When the defendant does not deny the genuineness of his
signature on the note, he is established as the maker.  Id. (citing Groschke
v. Gabriel, 824 S.W.2d 607, 610 (Tex. App.CHouston [1st Dist.] 1991, writ
denied)).  








Here,
Sumer Pinglia, on behalf of Pinglia Investments, stated in the affidavit that
Pinglia Investments=s ownership of the note had not been assigned or transferred,
Pinglia Investments remained the holder of the note, and as of October 5, 2007,
Sandhu owed Pinglia Investments $199,853.28 under the note, which included past
due principal, interest, and contractual delinquency charges.  The face of the
note listed Sandhu as the maker and contained Sandhu=s signature, and Sandhu did not deny
the genuineness of his signature.  Sandhu attempts to defeat summary judgment through his
appellate contention that his deposition testimony raised a fact issue on
whether he received the money.  Likewise, to the extent Sandhu is arguing
Pinglia Investments was to Aextend credit or make financial
accommodations@ and did not do so or that Pinglia Investments was to
pay $131,000 and $69,000 to the co-operating broker and consultant and it was
not Sandhu=s obligation to do so, Sandhu was required to
expressly present these issues to the trial court in response to the motion for
summary judgment.  See Tex. R. Civ. P. 166a(c); Tello, 218 S.W.3d
at 119.  Because he did not do so, we may not consider these issues as grounds
for reversal.  Tello, 218 S.W.3d at 119.

Therefore, we overrule Sandhu=s second issue.

C.      Amount
of Damages

In his third issue, Sandhu contends the last sentence of
Sumer Pinglia=s affidavit was conclusory.  In the last sentence,
Pinglia stated, AAs of October 5, 2007, Raghbir Sandhu owes
Pinglia Investments $199,853.28 under the Subordinate Real Estate Lien Note,
which includes past due principal, interest, and contractual delinquency
charges.@  Other than
claiming for the first time on appeal that no money was paid to him, Sandhu has
not asserted the amount in the affidavit was incorrect.  Rather, he contends
the last sentence of the affidavit was conclusory because there were no
supporting facts and no evidence as to how the amount was calculated.








Pinglia Investments argues Sandhu did not obtain a ruling
on his objection to this summary-judgment evidence and, therefore, his third
issue was not preserved for appeal.  While at least one court has held this
same argument is not preserved when the appellant fails to object and obtain a
ruling, other courts, including this one, have stated that an objection an
affidavit is conclusory challenges the substance of the affidavit and may be
raised for the first time on appeal.  Compare Thompson v. Chrysler
First Business Credit Corp., 840 S.W.2d 25, 28-29 (Tex. App.CDallas 1992, no
writ) with Griffin v. Methodist Hosp., 948 S.W.2d 72, 76 n.2
(Tex. App.CHouston [14th Dist.] 1997, no writ).  We need not
decide whether Sandhu preserved error because we hold the affidavit was not
conclusory. 








An affidavit stating the balance due on a promissory note
can be specific and sufficient on its face to establish a fact that could be
proven at trial so summary judgment based in part on the affidavit is proper.  See
Ecurie Cerveza Racing Team, Inc. v. Texas Commerce Bank-Southeast, 633
S.W.2d 574, 575 (Tex. App.CHouston [14th Dist.] 1982, no writ). 
Here, the affiant stated the specific amount due on the note as of a certain
date and represented that the amount included principal, interest, and
contractual delinquency charges.  The statement in the affidavit was not
conclusory.  See Hudspeth v. Investor Collection Servs. Ltd. Partnership,
985 S.W.2d 477, 479 (Tex. App.CSan Antonio 1998, no pet.) (holding
statement not conclusory when affidavit and law firm collection letter fixed
liability on a note at certain amount without providing detailed proof of
calculations); 8920 Corp. v. Alief Alamo Bank, 722 S.W.2d 718, 720 (Tex.
App.CHouston [14th
Dist.] 1986, writ ref=d n.r.e.) (holding statement not
conclusory when affidavit recited principal balances and interest due).  If
there were any question as to the break down of interest and delinquency
charges, the note itself, a copy of which was attached as summary-judgment
evidence, set forth the principal amount, interest to be paid at 8 percent for
the first six months and 12 percent for the second six months, and the penalty
on matured, unpaid amounts, namely 20 percent of the delinquent installment
amount and interest accruing on past due amounts at a rate of 18 percent per
annum from the date on which payment is due until payment is received. 
Moreover, Sandhu has not presented any controverting evidence raising a fact
issue as to Pinglia Investments=s method of computation and the accuracy
of its figures.  See 8920 Corp., 722 S.W.2d at 720; Sharpe Lomas
& Nettleton Finan. Corp., 601 S.W.2d 55, 57 (Tex. App.CDallas 1980, writ
ref=d n.r.e.) (stating
it was defendant=s burden to point out any inaccuracy in
computation or reasons for inability to do so).

Accordingly, we overrule appellant=s third issue.

D.      Affirmative
Defenses

In his fourth issue, Sandhu contends he pleaded and raised
a fact issue on each element of the affirmative defenses of failure of
consideration, fraud, and estoppel.  However, Sandhu did not raise failure of
consideration or estoppel in either his response or supplemental response to
the motion for partial summary judgment.  A non-movant is required to expressly
present to the trial court any issues defeating the movant=s entitlement to
summary judgment.  Tello, 218 S.W.3d at 118.  Issues are Aexpressly@ presented in
accordance with Rule 166a(c) when the written answer or response to the motion
for summary judgment fairly apprises the movant and the trial court of the
issues the non-movant contends should defeat the motion.  Id. at 119. 
In determining which issues were expressly presented to the trial court, a
reviewing court may not rely on the appellate briefs or the summary-judgment
evidence.[5]
 Dubose v. Worker=s Med., P.A., 117 S.W.3d 916,
920 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  Any issues not
expressly presented to the trial court in a written response shall not be
considered as grounds for reversal.  Id.  Therefore, Sandhu has waived
these issues on appeal.  Id.  








With regard to fraud, Sandhu=s responses were
minimal.  Sandhu generally alleged the affirmative defense of fraud, but failed
to make any argument that summary judgment should not be granted based on his
fraud claim.[6] 
Instead, Sandhu referred to his affidavit attached as summary-judgment
evidence.  However, any issues a non-movant contends avoid summary judgment
must be expressed in a written response to the motion and are not presented by
mere reference to summary-judgment evidence.  Mercier v. Southwestern Bell
Yellow Pages, Inc., 214 S.W.3d 770, 774B75 (Tex. App.CCorpus Christi
2007, no pet.) (citing McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 341 (Tex. 1993)).  Because Sandhu failed to present  and specify
the elements of his fraud claim on which he alleged fact issues, he has not
presented grounds for reversal. 








Even if we considered Sandhu=s fraud claim, he
did not raise a fact issue as to each element of the claim.  To prove fraud, a
party must establish (1) a material representation was made, (2) the
representation was false, (3) when the speaker made the representation, he knew
it was false or made it recklessly without knowledge of the truth and as a
positive assertion, (4) the speaker made it with the intention that it should
be acted upon by the party, (5) the party acted in reliance upon it, and (6)
the party thereby suffered injury.  Lundy v. Masson, 260 S.W.3d 482, 492
(Tex. App.CHouston [14th Dist.] 2008, pet. denied).  On appeal,
Sandhu=s fraud argument
consists of a single sentence: AAppellant proved and/or raised a fact
issue on each element of his fraud defense through his affidavit and deposition
testimony regarding the various material false representations of Appellees
regarding repairs, over statement [sic] of the income of the Washateria, and
overstatement of the occupancy, and rent, that caused him injury.@ Sandhu points the
court to his affidavit and excerpts from his deposition testimony.  In the
affidavit, Sandhu alleged that Sumer Pinglia said to trust him on the income
from the washateria located in the shopping center, Sandhu relied on the
representation in making the purchase, and the washateria has not produced the
income represented by Pinglia.  However, Sandhu did not present evidence that
Pinglia knew the representation was false or made it recklessly without
knowledge of the truth or with the intent that it be relied upon by Sandhu.  

Also in his affidavit as well as in the cited deposition
testimony, Sandhu claimed that Pinglia agreed to make certain repairs and
improvements to the property and has not done so.  AA promise of
future performance constitutes an actionable misrepresentation if the promise
was made with no intention of performing at the time it was made.@  Formosa
Plastics Corp. USA v. Presidio Eng=rs and
Contractors, Inc., 960 S.W.2d 41, 47B48 (Tex. 1998). 
The party alleging fraud must present evidence the misrepresentation was made
with intent to deceive and with no intent to perform.  Id. at 48. 
Sandhu did not present evidence that Pinglia made a misrepresentation with the
intent to deceive and with no intent to perform the repairs and
improvements.       

Finally, in his affidavit, Sandhu stated that Pinglia gave
him leases for the shopping center and Aone of the leases
was fake, another lease was for an unoccupied space and another has an
incorrect amount of rent.@  Again, Sandhu did not present evidence
that Pinglia knew the leases were as Sandhu alleged or that Pinglia recklessly
gave him the leases without knowledge of the truth.  Sandhu also did not
present evidence that Pinglia gave him the leases with intent Sandhu rely on
the information when purchasing the shopping center.  In sum, Sandhu failed to
present evidence raising a fact issue on each element of his affirmative
defense of fraud.  We overrule his fourth issue.

Accordingly, the judgment of the trial court is affirmed.

 

 

/s/      Charles W. Seymore

Justice

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.









[1]  Appellees also sued Kuldip Singh, but those claims
are not at issue in this appeal.  





[2]  In his original response to the motion for partial
summary judgment, Sandhu asserted he did not receive 21 days= notice of the hearing initially set on the motion
because he received the motion on October 9, 2007 and the hearing was set for
October 29, 2007.  The court addressed this issue in a hearing and granted
Sandhu more time to respond.  The hearing on the motion was then held on
November 13, 2007.





[3]  Appellant did not object to the fact that the trial
court was granting summary judgment after the jury had been seated and sworn. 
Appellant contends he was not required to object because this action was
fundamental error that can be raised for the first time on appeal.  We need not
decide if appellant was required to object because we conclude the trial court
did not err by granting summary judgment after trial began.





[4]  During the hearing on the motion for partial summary
judgment and in Sandhu=s motion for reconsideration, there was a question
about whether the supplemental response was timely filed because the file stamp
was not clear.  We need not decide whether the trial court considered Sandhu=s supplemental response because he did not defeat
summary judgment even if his supplemental response were considered. 





[5]  In addition, the requirement that issues be
expressly presented by written answer or response refers to an answer or
response to the motion for summary judgment, not to the pleadings.  Tello,
218 S.W.3d at 119 n.13.





[6]  In his response to the motion for partial summary
judgment, Sandhu stated, ADefendant has meritorious affirmative defenses of
fraud, among other things.@  In his
supplemental response to the motion for partial summary judgment, Sandhu
stated, AThe court should deny Plaintiff=s Motion for summary judgment because Defendant has
plead [sic] the affirmative defense of fraud and by summary judgment evidence
attached to this response, Defendant has created a fact issue on each element
of his affirmative defense.@