**Affirmed and Memorandum Opinion filed November 14, 2013.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-12-00686-CV

---

### KAREN WAKEFIELD, Appellant,

### V.

### WELLS FARGO BANK, N.A., Appellee.

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2011-59422**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from a debt-collection action. Wells Fargo Bank, N.A., sued Karen Wakefield, a Wells Fargo credit-card holder, seeking to recover credit-card debt. Wells Fargo filed a traditional summary-judgment motion on its breach-of-contract claim. The trial court granted the summary judgment, and Wakefield, pro se, now appeals. We affirm.

Wells Fargo sued Wakefield for breach of contract and, alternatively, unjust enrichment or money had and received, alleging Wakefield failed to repay a debt under an agreement for consumer credit. Wells Fargo filed a motion for summary judgment, arguing there are no genuine issues of material fact regarding any element of the breach-of-contract claim because Wells Fargo demonstrated the existence of a debt, the subsequent default, and the amount owed.

To support the motion, Wells Fargo included: the affidavit of Jessica Rogers, a paralegal for Wells Fargo, stating that Wakefield is the owner of a Wells Fargo consumer credit card customer agreement for a personal line of credit, that Wakefield accepted the account, that the account is in default, and that demand for payment was made; a copy of Wells Fargo's credit-card account agreement; Wakefield's monthly credit-card statements; and the affidavit of Mark Rechner, an attorney for Wells Fargo, attesting to legal fees. At the initial summary-judgment hearing, the trial court asked Wells Fargo to provide additional monthly credit-card statements to Wakefield, so she could review them for accuracy. Wells Fargo filed an amended motion for summary judgment that included credit-card statements dating back to December 2002. While Wakefield filed responses to each of Wells Fargo's summary-judgment motions, she did not file her own affidavit or any other summary-judgment evidence.

According to Wells Fargo's summary-judgment evidence, the account agreement states that by using the Wells Fargo Visa card, a cardholder accepts the terms of the account agreement. On about July 10, 2002, Wakefield used the Wells Fargo Visa card, accepting the terms. According to the account agreement, the account is considered in default if a customer fails to pay the minimum payment by the due date on the monthly statement. If a customer is in default, the agreement

permits Wells Fargo to collect the entire outstanding balance on the account. Wakefield defaulted on the account in 2011. She last made a payment on the credit card during the March-April billing cycle of 2011, but the payment did not cover the minimum payment due. The bank demanded Wakefield make payment, but no additional payments were made. Wakefield did not controvert Wells Fargo's evidence establishing these facts by affidavit or with any other evidence.

In her responses, Wakefield argued that summary judgment was improper, that the evidence Wells Fargo submitted in support of its motion was objectionable, and that Wells Fargo improperly made changes to her account-agreement terms over the years. On June 25, 2012, the trial court granted summary judgment in favor of Wells Fargo. The trial court ordered Wakefield to pay $16,515.28, the amount owed on the account through August 25, 2011. Additionally, the trial court awarded Wells Fargo attorney's fees.

On appeal, Wakefield contends the trial court erred in granting summary judgment in favor of Wells Fargo. First, Wakefield argues summary judgment is improper because of deficiencies in the evidence produced by Wells Fargo. Second, she argues the trial court erred in granting Wells Fargo's motion because Wells Fargo did not prove every element of its breach-of-contract claim. Finally, Wakefield asserts that Wells Fargo violated federal and state debt collection laws, that discovery was insufficient, and that the trial court penalized her for representing herself pro se.

## II

Wakefield asserts the summary-judgment evidence that Wells Fargo produced is objectionable. Defects in the form of the evidence are waived unless specifically objected to at the trial court. *Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 380−81 (Tex. 1978). To preserve an issue for appeal, the trial court

3

must either expressly or implicitly rule on the objection. Tex. R. App. P. 33.1(a)(2)(A); *see also* Tex. R. Civ. P. 166a(f) ("Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."). It is incumbent upon the objecting party to obtain a ruling on the objection. *Dolcefino v. Randolph*, 19 S.W.3d 906, 926 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The trial court's ruling on a motion for summary judgment is not an implicit ruling on objections to summary-judgment evidence. *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.). However, objections to defects in the substance of affidavits may be raised for the first time on appeal. *Ramirez v. Transcon. Ins. Co.*, 881 S.W.2d 818, 829 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

Wells Fargo produced two affidavits in support of its amended motion for summary judgment: one from Wells Fargo paralegal Jessica Rogers and one from Wells Fargo attorney Mark Rechner. Rogers's affidavit is supported by a copy of the credit-card agreement and monthly statements. Wakefield challenges the evidence, arguing: (1) there are inconsistencies caused by errors made in both affidavits; (2) Rogers's affidavit was not based on personal knowledge; and (3) Rogers's affidavit lacks evidentiary support, including missing monthly credit-card statements and banking records demonstrating when changes were made to the terms of the account agreement.

A

Because the first two objections are objections to the form of the affidavits, Wakefield needed to specifically object and obtain a ruling on the objections from the trial court to preserve error on appeal. *See Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 507 (Tex. App.—El Paso 2010, no

pet.) (holding defects of form include the "statement of an interested witness that is not clear, positive, direct, or free from contradiction"); *see also Wash. DC Party Shuttle, LLC v. iGuide Tours, LLC*, 406 S.W.3d 723, 736 (Tex. App.—Houston [14th Dist.] 2013, no pet. h.) (en banc) (holding claim that affidavit is not based on personal knowledge is a form defect that must be raised in the trial court).

Wakefield did not raise her personal-knowledge objection to the trial court. Wakefield did object to the inconsistencies[1] caused by errors in the affidavits in her responses filed with the trial court; however, the trial court did not rule on these objections. Although the trial court granted Wells Fargo's summary judgment, it did not rule on Wakefield's objections. Therefore, we need not address either of these issues on appeal. *See Dolcefino*, 19 S.W.3d at 925−27 (holding objection to form could not be urged on appeal because trial court ruled on summary-judgment motion without disclosing its rulings on the objection); *see also Life Ins. Co. of Va.*, 570 S.W.2d at 380−81 (holding defendants waived the right to complain about alleged defect in the form of the summary-judgment evidence by not raising the issue with the trial court prior to entry of the judgment).

B

Wakefield's objections relating to substantive defects can be raised for the first time on appeal. *See Ramirez*, 881 S.W.2d at 829. Wakefield argues the trial court erred by admitting Rogers's affidavit because it is missing certain evidentiary support: monthly statements showing card use from July 2002 to December 2002, and banking records demonstrating when changes were made to the terms of the account agreement. In other words, Wakefield argues Rogers's affidavit is

---

[1] These alleged inconsistencies concerned Wakefield's gender, spelling of her name, and her contact information, none of which raises a fact issue that would make summary judgment inappropriate here.

5

conclusory, and incompetent summary-judgment proof, because it does not set forth the factual support for breach of contract. *See Requipco, Inc. v. Am-Tex Tank & Equip., Inc.*, 738 S.W.2d 299, 302 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) ("[A]n affidavit in opposition to a motion for summary judgment must set forth the *facts* upon which the affiant relies . . . .") (alteration in original). Because an objection to an affidavit on grounds that it states only a legal conclusion is one that relates to a defect of substance, Wakefield's remaining evidentiary complaints are properly before this court. *See Ramirez*, 881 S.W.2d at 828−29 (holding objection that summary-judgment affidavit contained only legal conclusions was preserved for appeal even though the objecting party failed to obtain a ruling from the trial court).

In its amended motion for summary judgment, at the request of the trial court, Wells Fargo produced additional monthly credit-card statements dating back to December 2002. Because Wells Fargo alleges Wakefield began using the card earlier than December 2002, she claims Wells Fargo did not produce sufficient evidence to support Rogers's statement of amount owed. Similarly, Wakefield argues that Wells Fargo did not produce banking records demonstrating when changes were made to her account including name changes, address changes, and changes to the account agreement terms.

Wakefield has not pointed to, and this court has not located, any case requiring that the credit card company produce every monthly credit-card statement or documentation of changes made on the account throughout its history. Moreover, the December 2002 statement shows a previous balance of zero, so there is no indication that prior statements are relevant to the amount Wakefield currently owes. The statements in Rogers's affidavit are sufficiently supported by a copy of the account agreement and recent credit-card statements. *Cf. Williams v.*

6

*Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 236 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that creditor's summary-judgment evidence, including affidavits and account statements, was insufficient because creditor failed to produce the credit-card agreement).

## III

Wakefield argues summary judgment was improper because Wells Fargo did not prove two elements of its breach-of-contract claim: the existence of a valid contract and damages.

A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). In a traditional motion for summary judgment, if the movant's motion and summary judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

Wakefield provided summary-judgment responses, but a response to a motion for summary judgment is not summary-judgment proof. *Strachan v. FIA Card Servs.*, No. 14-09-01004-CV, 2011 WL 794958, at *3 (Tex. App.—Houston [14th Dist.] March 8, 2011, pet. denied) (substitute mem. op.). Because Wakefield did not produce any evidence in response to Wells Fargo's motion, she did not raise a material fact issue. *See id.* Therefore, if Wells Fargo met its initial burden, the trial court properly granted summary judgment. *See id.*

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional summary-judgment motion under

7

Rule 166a(c) is properly granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215−16 (Tex. 2003). In reviewing a traditional summary-judgment motion, we must take as true all evidence favorable to the nonmovant and draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). "We review a summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006).

A

Summary judgment is appropriate in a breach-of-contract suit seeking recovery on a credit-card debt when the plaintiff establishes: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. *Roof Sys., Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 442 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also Ghia v. Am. Express Travel Related Servs.*, No. 14-06-00653-CV, 2007 WL 2990295, at *1, *6 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, no pet.) (mem. op.) (affirming summary judgment in favor of American Express in credit-card-debt action when American Express supported its summary-judgment motion with an affidavit from its custodian of records, a copy of the cardholder account agreement, monthly statements, and a copy of the demand letter).

In her brief, Wakefield challenges the validity of the contract Wells Fargo provided to support its summary-judgment motion. She also challenges Wells Fargo's proof of damages.

8

For a contract to be valid, there must be: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) a communication that each party consented to the terms of the contract; (5) execution and delivery of the contract with an intent it become mutual and binding on both parties; and (6) consideration. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 278 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Wakefield asserts Wells Fargo failed to prove existence of a valid contract for several reasons. First, Wakefield argues Wells Fargo did not prove the contract it provided to support its summary-judgment motion specifically applied to her. Although Wakefield's name is not specifically identified on the account agreement, the agreement states: "This Customer Agreement and Disclosure Statement . . . constitutes your Agreement with us that covers your credit card account." The agreement also defines "you" and "your" as referring "to each cardholder." Rogers's affidavit and supporting monthly credit-card statements establish that Wakefield is a cardholder. Therefore, without controverting evidence from Wakefield, we reject this argument. *See Ghia*, 2007 WL 2990295, at *2 (rejecting appellant's argument that the credit-card agreement did not apply to her under similar facts).

Second, Wakefield argues Wells Fargo did not prove she accepted the terms of this particular agreement because these terms are different than her 2002 agreement and because they "are impossible to even comprehend." Wells Fargo's evidence demonstrates Wakefield accepted the agreement and any subsequent amendments to the terms when she used the card. *See Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 204 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding credit-card company proved acceptance of account terms by providing a copy of the agreement stating use of the card constituted acceptance

9

of the terms when the cardholder did not dispute using the card). The Wells Fargo account agreement provides, "[b]y either using the account or signing, using or accepting the plastic card(s) issued to you by us . . . you accept the terms and conditions of this Agreement." While it is true the account agreement Wells Fargo produced is not the same one used in 2002, Wakefield is still bound to the new terms because the agreement states, "[w]e can change or add to any terms of your account at any time." The agreement allows customers to opt out of changes to the terms by closing the account. Without controverting evidence from Wakefield demonstrating she did not use the card from 2002 to 2011 or showing she closed her account to opt out of the term changes, Wells Fargo's evidence demonstrates acceptance. *See id.*

Further, even if she had included them in an affidavit, Wakefield's statements that the contract is invalid are conclusory and not supported by facts. Conclusory statements that are unsupported by facts are insufficient to defeat summary judgment. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Hay v. Citibank (S.D.) N.A.*, No. 14-04-01131-CV, 2006 WL 2620089, at *2 (Tex. App.—Houston [14th Dist.] Sept. 14, 2006, no pet.) (holding affidavit statement that customer "did not agree to the terms of any credit card" did not defeat summary judgment in favor of the credit-card company). Similar to the argument by the credit-card holder in *Hay*, Wakefield's argument is insufficient to defeat summary judgment because she has produced no evidence to counter the express terms of the account agreement. *See id.*

B

Although Wakefield makes identity-theft arguments in her response to the motion for summary judgment and on appeal, she has not raised a genuine issue of material fact as to the damages element of Wells Fargo's breach-of-contract claim.

10

Wakefield did not produce an affidavit or other summary-judgment evidence challenging any specific charges to the account. Without controverting evidence, Rogers's affidavit stating amount owed, supported by monthly credit-card statements, and Rechner's affidavit detailing attorney's fees are sufficient evidence of damages. *See Ghia*, 2007 WL 2990295, at *3 (holding credit-card company established amount due by providing an account statement showing the balance on the account); *see also Winchek*, 232 S.W.3d at 204−05 (holding credit-card company produced sufficient summary-judgment proof as to damages with monthly billing statements and two affidavits: one describing total amount due on the credit-card account and one describing attorney's fees).

Additionally, we reject Wakefield's argument that Rogers's affidavit cannot show total charges and fees from the bank because it is just an amount "handwritten on court documents." Our review of the affidavit indicates Rogers's statement is sufficient proof of amount due on the account. *See 8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 720 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). In *8920 Corp.*, when the appellant argued an affidavit stating the amount owed was insufficient to support summary judgment because it did not demonstrate the computation method, we held the appellants did not meet their burden of raising a fact issue as to the figures' accuracy. *Id*. To challenge the method used to compute the amount due, Wakefield should have presented an affidavit or other summary-judgment evidence raising a fact issue as to the amount due. *See id*. Wakefield merely claims that Rogers's affidavit is not an official statement of the amount due on her account, but does not present evidence demonstrating the method of computation is flawed or the amount owed is inaccurate. Therefore, she has not met her burden to raise a fact issue as to the damages calculation. *See id*.

# IV

Wakefield's remaining issues have not been preserved for review by this court. For a complaint to be preserved for appellate review, the party must make the complaint, objection, or motion in a timely manner and state the grounds with "sufficient specificity to make the trial court aware of the complaint . . . ." Tex. R. App. P. 33.1(a)(1)(A). Error is preserved if the trial court rules on the issue, either expressly or implicitly. Tex. R. App. P. 33.1(a)(2)(A). On appeal, Wakefield contends that Wells Fargo violated federal and state debt collection laws. Wakefield's waived her debt-collection law allegations because she did not point out to the trial court how Wells Fargo violated any specific provisions of any debt-collection law. *See id.*; *see also Martinez v. Martinez*, 157 S.W.3d 467, 471 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding appellant could not raise argument regarding specific provision of the Texas Family Code on appeal when the trial judge "was not aware of any potential application that those provisions may have had to the facts before him."). Instead, Wakefield only made general allegations, including: "Plaintiff has violated the Fair Debt Collection Practices Act on many levels." Further, there is no indication in the record that the trial court ruled on the issue.

Similarly, Wakefield cannot complain on appeal that discovery in the case was insufficient. When a party argues it has not had an adequate opportunity for discovery before a summary-judgment hearing, the party must file an affidavit explaining the need for further discovery or a verified motion for continuance. *Doe v. Roman Catholic Archdiocese of Galveston-Houston ex rel. Dinardo*, 362 S.W.3d 803, 809 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing Texas Rules of Civil Procedure 166a(g), 251, and 252). According to Rule 251, a motion for continuance shall not be granted except for sufficient cause supported by an

affidavit, consent of the parties, or by operation of law. Tex. R. Civ. P. 251. Any requests by Wakefield at the trial court regarding discovery were oral, and the record does not contain a written motion for continuance, an affidavit, an agreement by the parties, or an argument that a continuance should have been granted by operation of law. *See In re T.D.N.*, No. 14-07-00387-CV, 2008 WL 2574055, at *1 (Tex. App.—Houston [14th Dist.] June 26, 2008, no pet.) (mem. op.) (holding appellant failed to preserve error when motions for continuance were only made orally at trial and the trial court did not rule on the oral motions).

Finally, Wakefield's complaint that the trial court penalized her for representing herself pro se is inadequate to either preserve the point on appeal or to persuade us that the trial court treated her differently from any other litigant.

Wakefield did not make this argument at the trial court or obtain a ruling. Despite procedural rules that bar review of unpreserved error, fundamental errors may be raised for the first time on appeal. *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). This doctrine only applies in instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the state's statutes and constitution. *Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex. 1982). The Texas Supreme Court has held the fundamental error doctrine only applies in narrow circumstances. *In re B.L.D.*, 113 S.W.3d at 350−51. For example, in *Tucker v. Thomas*, we held the appellant's complaint that he did not receive a fair bench trial when the judge took long breaks, allowed witnesses to be taken out of order, and did not pay attention at trial did not fall within the narrow scope of the fundamental-error doctrine. 405 S.W.3d 694, 713−14 (Tex. App.—Houston [14th Dist.] 2011, pet. granted) (en banc) (holding the issues were not preserved for appeal). Wakefield does not argue her complaint about the trial court constituted fundamental error, or point to any cases

13

on the issue. Therefore, like the similar complaints in *Tucker*, Wakefield's complaint does not fall within the narrow scope of the fundamental-error doctrine, and she cannot raise this issue on appeal. *See id*.

In any event, we conclude the trial court did not punish Wakefield for representing herself pro se. According to Wakefield, the trial court invalidated her argument based on her insufficient legal knowledge and novice presentation of evidence. Wakefield also complains the trial court has not responded to her request for findings of fact and conclusions of law.

Pro-se status does not entitle a litigant to special consideration from the court. *Brown v. Texas Emp't Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied) ("Parties who represent themselves must comply with the applicable law and rules of procedure."). After reviewing the record, we conclude the trial court aided Wakefield by requiring Wells Fargo to produce additional monthly credit-card statements so she could examine them for disputed charges. The trial court held a second hearing on the motion for summary judgment to give Wakefield the opportunity to dispute charges. Therefore, the trial court did not punish Wakefield for representing herself pro se.

As to Wakefield's request for findings of fact and conclusions of law, it was permissible for the trial court not to respond because findings of fact and conclusions of law "have no place in a summary judgment proceeding." *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994). The Texas Rules of Civil Procedure only require filings of findings of fact and conclusions of law in cases "tried in the district or county court without a jury." Tex. R. Civ. P. 296. This does not include summary-judgment proceedings because "if summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response." *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*,

938 S.W.2d 440, 441 (Tex. 1997).

* * *

We therefore overrule Wakefield's issues and affirm summary judgment in favor of Wells Fargo.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Busby, and Brown.

15