Paul E. SHARPE, Appellant,

v.

LOMAS & NETTLETON FINANCIAL
CORPORATION, Appellee.

No. 20132.

Court of Civil Appeals of Texas,
Dallas.

March 31, 1980.

Rehearing Denied May 30, 1980.

**56**

Robert L. Dillard, III, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

STOREY, Justice.

Summary judgment was granted plaintiff, Lomas & Nettleton Financial Corporation, against defendants, Paul E. Sharpe, and James C. Ashworth, as guarantors, for the deficiency remaining on a promissory note. Defendant Sharpe has appealed contending that his pleadings raised a material fact issue on his defense of fraud in the inducement. He also contends that plaintiff's summary judgment proof failed to establish the amounts of interest and attorney's fees because plaintiff's affidavits were not made on personal knowledge of the affiant. We hold that defendant's pleadings could not raise a fact issue because fraud was an affirmative defense on which he had the burden to offer summary judgment proof. We hold further that he failed to controvert plaintiff's summary judgment proof on the interest issue, that attorney's fees were properly allowed upon the entire indebtedness, and that plaintiff's affidavits were sufficient. We therefore affirm.

■ It is well settled in summary judgment practice that when the movant demonstrates by competent evidence that no material fact issue exists upon the elements of his claim, he is entitled to judgment unless the non-movant, having pleaded an affirmative defense, responds with summary judgment evidence showing there is a disputed fact issue upon his affirmative defense. *Seale v. Nichols*, 505 S.W.2d 251

(Tex.1974); *Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (Tex.1958); *see also Torres v. Western Casualty and Surety Co.*, 457 S.W.2d 50, 53 (Tex.1970). Consequently, Sharpe's point of error insofar as it relies upon his pleadings to raise a fact issue on his affirmative defense is without merit. *See Hidalgo v. Surety Savings and Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971).

Although not assigned as error, defendant argues that he offered summary judgment proof which raised a fact question with respect to his affirmative defense. This proof consists of defendant's affidavit which states in pertinent part:

At the time of making the loan for the acquisition of the property involved, it was represented to us by Mr. Hendry that additional funds would be forthcoming for the development and construction of the project. We relied on this representation at the time of making the original loan to El Tierra Development, Inc. We also relied on this in executing a personal guaranty. Hendry knew at the time of the original loan that neither James Ashworth nor I could finance the development and construction on our own without additional advances from Lomas and Nettleton.

. . . . .

I now believe that James Ashworth and I were the victims of a scheme or plan by Lomas and Nettleton to induce us to enter into the note, deed of trust and guaranty . . . and that they intended all along to not make the additional loans

. . . . .

■ These assertions are not facts which, if proved, would constitute the elements required to establish fraud in the inducement. Fraud consists in the representation of present facts, not a promise to do something in the future. *Talley v. Howsley*, 142 Tex. 81, 176 S.W.2d 158, 160 (1943); *Acoustical Screens in Color, Inc. v. T. C. Lordon Company, Inc.*, 524 S.W.2d 346, 349–50 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.). The assertion as to what Hendry knew and what he intended are conclusions and

opinion which are inadmissible. *Duncan v. Horning,* 587 S.W.2d 471 (Tex.Civ.App.—Dallas 1979, no writ); *Combs v. Fantastic Homes, Inc.,* 584 S.W.2d 340, 344 (Tex.Civ. App.—Dallas 1979, writ ref'd n. r. e.). We hold that defendant's affidavit does not raise a fact question.

■ Defendant also failed to controvert plaintiff's summary judgment proof of the interest due. The note provided for interest at 4½% in excess of the greater of (a) the prime interest rate of First National Bank or (b) the 90-day dealer commercial paper rate. The affidavit of Stephen L. McCord, vice-president of plaintiff's wholly owned subsidiary, asserts that after allowing all offsets, payments and credits, the principal balance of the note was $97,575.42 and interest accrued to July 1, 1978, was $81,212.60 with per diem interest of $48.79. Defendant does not question the accuracy of the interest computation. He complains only that because the evidence does not demonstrate the method used to make the computation, the court could not determine its accuracy. This was not the court's burden. The affidavit was clear, positive and direct and could have been readily controverted. It was therefore defendant's burden to point out any inaccuracy in computation or, by proper response, to point out reasons for his inability to do so. Having failed to respond, defendant cannot now complain of matters not brought to the trial court's attention. *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978); *Duncan v. Horning,* 587 S.W.2d 471 (Tex.Civ.App.—Dallas 1979, no writ); *Combs v. Fantastic Homes, Inc.,* 584 S.W.2d 340 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.); Tex.R.Civ.P. 166–A(c) and (f).

■ Defendant next complains of the award of attorney's fees based upon 10% of the principal balance of the note plus interest. He insists that the guaranty agreement obligated him for 10% of the principal only. The agreement obligates the guarantors to pay "any and all indebtedness or other liability which debtor may now or at any time hereafter owe creditor together with interest and collection costs . . .

and further agree to pay 10% of the indebtedness additional as attorney's fees." We hold that where interest is expressly reserved in the contract, it is an integral part of the debt and the indebtedness here included principal and accrued interest. 26 C.J.S. *Debt* at 3 (1956). *See also: Southland Life Insurance Co. v. Egan,* 126 Tex. 160, 86 S.W.2d 722, 724 (1935); *Marble Savings Bank v. Davis,* 124 Tex. 560, 80 S.W.2d 298, 299 (1935). Defendant has not complained to the trial court that the attorney's fees were unreasonable nor are we presented with any evidence regarding a reasonable fee. We cannot conclude that the fees allowed were unreasonable as a matter of law.

■ Defendant contends further that plaintiff's supporting affidavits are not competent because they are not based on the personal knowledge of the affiants. The affidavit of plaintiff's attorney identified copies of an appointment of substitute trustee, the substitute trustee's deed and a certification by the secretary of state that the charter of the maker of the note had been forfeited. These instruments were irrelevant because defendant raised no question about the validity of the foreclosure or the failure to join the maker. The affidavit of the attorney, therefore, presented no summary judgment evidence which could have been considered by the court. The affidavits of Stephen L. McCord recite that he has personal knowledge of the facts stated. The original affidavit identifies the note and guaranty agreement. Defendant does not question the execution, delivery or genuineness of either of these instruments. The affidavits next recite the principal balance of the note and accumulated interest after allowing credits. Credits consist of proceeds from the foreclosure and from a letter of credit which was given as additional security. Neither of these amounts are questioned by defendant, nor do any inconsistencies appear in the record with respect to them. The only question raised with respect to the accuracy of the principal balance is the method of computation of interest which had accrued prior to apply-

ing the credits. While defendant responded to the affidavit by pointing out that it did not show affiant had personal knowledge of how the interest was computed, this was not a proper response. As pointed out above, he should have responded by affidavit setting forth the proper method of computation and the inaccuracy, if any, in the affiant's results. Because McCord's affidavits assert they were made on personal knowledge of the affiant, we conclude that, in the absence of a proper controverting affidavit, they were competent summary judgment evidence.

We therefore affirm.