**BADO EQUIPMENT CO., INC.,**
Appellant,

v.

**RYDER TRUCK LINES INC., DBA**
Ranger Division, Appellee.

No. A2528.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 28, 1981.
Rehearing Denied Feb. 25, 1981.

Andrew W. Miller, Rudy M. Groom, Groom, Miglicco, Gibson, Bussel & Stewart, Houston, for appellant.

Mark Blenden, Lapin, Totz & Mayer, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a summary judgment granted by the court below in favor of appellee Ryder Truck Lines, Inc., d/b/a Ranger Division, plaintiff in the court below, against appellant Bado Equipment Co., Inc., defendant in the court below. Ryder sued Bado on a sworn account claiming non-payment of four specific freight bills totaling $4,360.80. It also sought attorney's fees of $635.00 under Tex.Rev.Civ.Stat.Ann. art. 2226 [Supp.1980]. Appellant's original answer, containing only a general denial, was followed by the filing of appellee's motion for summary judgment. In said motion appellee stated that the answer filed by appellant "is insufficient in law to constitute a defense to plaintiff's cause of action; that as shown by the pleadings, together with depositions, admissions and affidavits, if any on file, there is no genuine issue as to any material fact between the parties, and by reason thereof the plaintiff is entitled to a judgment as a matter of law as prayed for by plaintiff."

Attached to the motion for summary judgment was the affidavit of appellee's attorney covering the claimed attorney's fee for the representation of appellee in the case.

After the motion for summary judgment was filed and before the hearing thereon, appellant filed a first amended original answer and counterclaim and a second amended original answer and counterclaim. Appellant concedes that none of the answers filed by appellant satisfied the requirements of Tex.R.Civ.P. 185, which provides that a properly verified petition on a sworn account "shall be taken as prima facie evidence thereof, unless the party resisting such claims shall, before an announcement of ready for trial in said cause file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true . . . ."

Appellant also concedes that appellee's petition on the sworn account was properly verified and fully complied with Tex.R. Civ.P. 185.

Appellant's first point of error is that appellee's motion for summary judgment did not comply with the requirements of Tex.R.Civ.P. 166–A, which provides in part as follows:

"*The motion for summary judgment shall state the specific grounds therefor* . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, on file . . . show that . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law *on the issues as expressly set out in the motion* . . . ." (emphasis added).

In this case the motion for summary judgment stated that the defendant's answer was "insufficient in law to constitute a defense to plaintiff's cause of action." Appellant contends that this statement was not specific enough to satisfy Tex.R.Civ.P. 166–A, and that the motion should have expressly stated that defendant's second amended original answer and the affidavit attached thereto did not comply with the requirements of Tex.R.Civ.P. 185. We cannot agree with this contention.

It is elementary in the practice of law in Texas that in a sworn account action the plaintiff's petition must satisfy Tex.R.Civ.P. 185, and that, if it does so, it shall be taken as prima facie evidence thereof unless the party resisting such claim shall file a verified answer complying with the provisions of the same Rule 185.

We hold that the motion for summary judgment in this case was sufficiently specific under Tex.R.Civ.P. 166–A. The purpose of that specificity requirement is to

provide the opposing party with adequate information for opposing the motion and to define the issues for the purpose of the summary judgment. *Westchester Fire Insurance Co. v. Alvarez,* 576 S.W.2d 771 (Tex. 1978). Where a defendant files an answer which is insufficient under Tex.R.Civ.P. 185 and a plaintiff has filed a petition which is sufficient under that Rule, the defendant is not permitted to deny the plaintiff's claim, the plaintiff is not required to produce evidence supporting his motion for summary judgment, and the rendering of summary judgment solely on the pleadings is not improper. *Wilson v. Browning Arms Company,* 501 S.W.2d 705 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd); *Duncan v. Butterowe, Inc.,* 474 S.W.2d 619 (Tex.Civ. App.—Houston [14th Dist.] 1971, no writ).

Appellant's points two, three and four contend that the court below erred in granting the summary judgment on the pleadings alone, the assertion being that summary judgment proof was necessary and there was none, and that appellee failed to discharge its burden of showing that no material fact issue existed. The discussion above concerning the sufficiency of the motion applies to the second, third and fourth points of appeal, which we overrule.

Points five and six attack the award of $635.00 in attorney's fees in the summary judgment on the ground that the claim for attorney's fees is an unliquidated claim, and that there was no evidence, or alternatively, insufficient evidence, to substantiate the award. We overrule these points and hold that the trial court did not err in awarding the attorney's fees in the summary judgment.

Appellee in its original petition sued for attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226, which authorizes attorney's fees in suits founded on sworn accounts. Tex.R. Civ.P. 166–A authorizes a summary judgment based upon uncontroverted testimonial evidence of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Appellee attached to its motion for summary judgment an affidavit of its attorney which fully covered the necessary summary judgment proof for the award of the claimed attorney's fees. Appellant filed no affidavit controverting that of appellee's attorney and could readily have done so if, in fact, the claimed attorney's fee was unreasonable in amount or if appellee had failed to make proper demand for his claim under Article 2226. Without a controverting affidavit, the trial court properly awarded the attorney's fee in the summary judgment.

We affirm the judgment of the court below.