COURT OF APPEALS
FIFTH DISTRICT OF TEXAS
AT DALLAS

NO. 05-88-01061-CV

| AMERICAN 10-MINUTE OIL CHANGE, INC., | FROM A DISTRICT COURT |

AMERICAN 10-MINUTE OIL CHANGE, INC.,
BRICAR, INC., STEVEN J. SHIELDS,
E. M. DELOZIER, RALPH J. KAUFMANN,
DELF ANN DAWSON, MICHAEL A. HAMLIN,
CAREY MILLER AND BRIAN MILLER,

 APPELLANTS,

v.

METROPOLITAN NATIONAL BANK-
FARMERS BRANCH,

 APPELLEE.     OF DALLAS COUNTY, TEXAS

---

BEFORE JUSTICES HOWELL, LAGARDE, AND WHITTINGTON
OPINION BY JUSTICE WHITTINGTON
AUGUST 15, 1989

Appellee Metropolitan National Bank - Farmers Branch (Metropolitan) was granted summary judgment against appellants, American 10-Minute Oil Change, Inc. (American), as maker, and Bricar, Inc., Steven J. Shields, E. M. Delozier, Ralph J. Kaufmann, Delf Ann Dawson, Michael A. Hamlin, Carey Miller and Brian Miller, as guarantors, for deficiency on a promissory note. Appellants, in three points of error, contend that the guaranties sued upon did not

guarantee any obligations of the primary obligor and that Metropolitan's summary judgment evidence was insufficient as a matter of law. We disagree and, with one modification, affirm the summary judgment rendered against appellants. Metropolitan, in a cross-point of error, asserts that the trial court erred in awarding its attorney's fees in an amount less than that supported by uncontroverted evidence. We agree and render judgment in the amount requested by Metropolitan.

Metropolitan brought suit against appellants on a delinquent promissory note executed by American and guaranty agreements executed by the other appellants guaranteeing the indebtedness. Metropolitan filed its motion for summary judgment supported by an affidavit from the assistant vice president of the bank authenticating copies of the note and guaranties and setting forth the balance owed after allowing for all offsets, payments, and credits. Appellants responded to Metropolitan's motion for summary judgment alleging that

2

an incompleted portion of the guaranties, which described in detail the debt of appellants Carey Miller and Brian Miller, rendered them nonbinding. Appellants also alleged that there were deficiencies in Metropolitan's summary judgment evidence which rendered it insufficient as to all appellants. The trial court granted Metropolitan's motion for summary judgment and awarded Metropolitan judgment on the principal amount of the debt, plus interest and a reduced amount of attorney's fees.

A summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of its cause of action as a matter of law. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). In deciding whether there is a material fact issue precluding summary judgment, every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 549 (Tex. 1985).

3

Appellants, in their first point of error, complain that the trial court erred in granting summary judgment against appellants Carey Miller and Brian Miller[1] because the guaranties sued upon do not guarantee any obligation. Appellants contend that, because the first paragraph of the guaranty was not completed, operative words of guaranty were absent, thus rendering the agreement nonbinding.

The paragraph of the guaranty cited by appellants reads in pertinent part as follows:

> A.  If this [box] is checked, the undersigned guarantee(s) . . . the payment . . . of each and every debt . . . which borrower may now or at any time owe to Bank . . . .
>
> B.  If this [box] is checked, the undersigned guarantee(s) . . . the payment and performance of the debt . . . to Bank . . . arising out of the following:_____

On the documents in question, neither the box in paragraph A. nor B. was checked.

---

[1] The first two points of error relate only to appellants Carey and Brian Miller.  The third point relates to all appellants.

4

In interpreting a written contract, including those of guaranty, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). Written contracts will be construed according to the intention of the parties, notwithstanding errors and omissions. Ussery Inv. v. Cannon & Carpenter, Inc., 663 S.W.2d 591, 593 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd). To achieve this objective, courts should examine and consider the entire writing in an effort to give effect to all the provisions of the contract so that none will be rendered meaningless. Coker, 650 S.W.2d at 393. No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. Id.

In reviewing the guaranties in their entirety, we hold that the clear intent of both Carey Miller and Brian Miller was to be bound as guarantors of American's debt. The

5

validity or effect of the guaranties was not changed simply because some descriptive, detailed information might have been filled out but was not. Despite the missing clarifications, the guaranties contained substantial evidence that the undersigned intended to obligate himself to American's debts. Such evidence found in the guaranties includes: (1) the guaranty was in writing and stated that it was made to induce Metropolitan to make a loan on behalf of American; (2) the document contained a boldface heading stating that it was a "GUARANTY"; (3) the guaranty designated that the undersigned was signing as guarantor, thereby guaranteeing the indebtedness of American; (4) the guaranty contained clear language stating that the undersigned absolutely and unconditionally guaranteed full and prompt payment when due; and (5) the guaranty was signed and executed by each guarantor. The above-stated elements evidence the obvious intent of Carey Miller and Brian Miller to guarantee the obligations of American. The issue then is

6

whether there is conclusive evidence as to the amount guaranteed. Although one paragraph, which could have given detailed information about the amount of debt, was incomplete, another paragraph did indicate that the Millers guaranteed the entire debt. That paragraph states in pertinent part as follows:

> [T]he liability of the undersigned hereunder shall be limited to a principal amount of $_____ (if unlimited or if no amount is stated, the undersigned shall be liable for all indebtedness, without any limitation as to amount).

We hold that the summary judgment evidence conclusively established that the Millers entered into a binding obligation with Metropolitan to guarantee the debt of American. Appellants' first point of error is overruled.

In points of error two and three, appellants complain that the trial court erred in granting summary judgment against Carey Miller, Brian Miller, and all appellants because the summary judgment evidence was insufficient as a matter of law. Appellants contend that Metropolitan failed

7

to produce any summary judgment evidence that monies were advanced to American pursuant to the promissory note.

As summary judgment evidence of monies advanced to American, Metropolitan presented to the court the affidavit of the assistant vice president of the bank. The affidavit set forth the principal and accrued but unpaid interest due pursuant to the promissory note, after allowing for all offsets, payments, and credits. In response to the affidavit, appellants contend that the evidence was "wholly conclusionary and devoid of any facts supporting the advance . . . ."

A review of the affidavit indicates the following: (1) the affidavit was made on the bank officer's personal knowledge; (2) the notes and guaranty agreement were identified; and (3) the principal balance along with the interest was designated in detail. Moreover, appellants have presented no controverting affidavits that could raise a fact issue as to whether the monies were advanced. In a case

8

similar to the one at hand, this Court held that it was the nonmovant's burden to controvert the movant's summary judgment evidence with his own evidence so that a fact issue is raised. Sharpe v. Lomas & Nettleton Fin. Corp., 601 S.W.2d 55, 56 (Tex. Civ. App.--Dallas 1980, writ ref'd n.r.e.). The Sharpe court further held that in the absence of controverting evidence, such an affidavit would be held to be competent summary judgment evidence. Id. In addition, the Houston Court of Appeals in 8920 Corp. v. Alief Alamo Bank, 722 S.W.2d 718 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.), held that an affidavit, made on personal knowledge of a bank officer and which identified the notes and guaranty and recited the principal and interest due, was not conclusory and was sufficient evidence to support a summary judgment motion. 8920 Corp., 722 S.W.2d at 720. Accordingly, we overrule appellants' second and third points of error.

Metropolitan, in its first cross-point, complains that the trial court erred in failing to strike appellants' first amended original answer and appellants' response to Metropolitan's motion for summary judgment from the record because they were not timely filed. In its second cross-point, Metropolitan contends that the trial court should not have considered appellants' first amended answer, original answer, or response to Metropolitan's motion for summary judgment. Because we affirm Metropolitan's summary judgment award, we need not address the above cross-points.

Metropolitan, in its third cross-point, complains that the trial court erred in reducing the attorney's fees awarded to Metropolitan because the attorney's fees were supported by uncontroverted summary judgment evidence. Metropolitan asked the trial court to award attorney's fees of $10,000 through the trial court level, $5,000 at the Court of Appeals level and $5,000 if review is sought before the Texas Supreme Court. The trial court granted Metropolitan attorney's fees

of $5,000 for each level of review but reduced the amount to be awarded through the trial court level to $2,500. Metropolitan contends that because appellants failed to controvert or offer summary judgment evidence, there was no issue before the trial court regarding reasonable attorney's fees and, therefore, the trial court had no basis to reduce the attorney's fees as established by Metropolitan's summary judgment evidence.

Our review of the record indicates that Metropolitan, through the affidavit of its counsel, offered the only summary judgment evidence as to reasonable attorney's fees. The affidavit of Metropolitan's counsel set forth in detail the factors upon which reasonable attorney's fees should be awarded. The affidavit indicated that the counsel relied on the guidelines of the State Bar of Texas and the Texas Code of Professional Responsibility. Counsel's affidavit designated $10,000 as reasonable attorney's fees through the trial level. Appellants presented no summary judgment

11

evidence controverting the fees as set forth in Metropolitan's affidavit.

An attorney's affidavit can sufficiently establish reasonable attorney's fees on motion for summary judgment. Querner Truck Lines v. Alta Verde Indus., 747 S.W.2d 464, 468 (Tex. App.--San Antonio 1988, no writ); Bado Equipment Co. v. Ryder Truck Lines, 612 S.W.2d 81, 83 (Tex. Civ. App.--Houston [14th Dist.] 1981, writ ref'd n.r.e.). The attorney for the nonmovant may file an affidavit contesting the reasonableness of the movant's attorney's affidavit in support of attorney's fees, thus creating a fact issue. General Specialties, Inc. v. Charter Nat'l Bank-Houston, 687 S.W.2d 772, 774 (Tex. App.--Houston [14th Dist.] 1985, no writ). Appellant in the instant case, however, failed to contest Metropolitan's evidence. Thus, the only evidence that was before the court supported an award of $10,000. The trial judge could have rendered an award for $10,000, or he could have refused to award any attorney's fees had he determined that attorney's

fees were not recoverable as a matter of law. However, to determine that attorney's fees are recoverable, but only in an amount less than that set forth in an uncontroverted affidavit, has the same effect as concluding that movant's summary judgment proof did not establish the claim as a matter of law.[2]

We have already set forth the nature of Metropolitan's summary judgment evidence. The evidence was uncontroverted, and it was "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies." TEX. R. CIV. P. 166a (c). We conclude that the trial court erred in finding a subsisting fact issue. Thus, we sustain Metropolitan's third cross-point.

Judgment is rendered that Metropolitan be awarded $10,000 in attorney's fees for work performed at the trial

---

[2] Thus, the trial court, pursuant to its finding, should have then ordered trial on the merits on attorney's fee issue.

13

court level.  TEX. R. APP. P. 81(c).  In all other respects, the judgment of the trial court is affirmed.

_____
JOHN WHITTINGTON
JUSTICE


DO NOT PUBLISH
TEX. R. APP. P. 90

88-01061.F

14