Garrison v. Carbajal 




IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-93-026-CV





LYDIA GARRISON,



 APPELLANT


vs.





GUADALUPE CARBAJAL,



 APPELLEE





 




FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY



NO. 4932, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING



 






 The opinion and judgment issued by this Court on October 6, 1993, are withdrawn,
and the following is substituted in lieu thereof.

 Appellant Lydia Garrison sued appellee Guadalupe Carbajal for payment of a
promissory note and for attorney's fees. After Garrison accepted Carbajal's tender of the amount
due on the note, a summary judgment hearing was held on the claim for attorney's fees. Garrison
contends that the trial court correctly rendered summary judgment in her favor but that it erred
in awarding attorney's fees in an amount less than that supported by uncontroverted summary
judgment evidence. We agree and accordingly will reverse and render judgment.



BACKGROUND


 In October 1991, Carbajal executed a promissory note for $2500 payable to
Garrison and secured by a lien on certain real property located in Hays County, Texas. Following
demand for payment, Garrison brought this suit to collect the amount due on the note. Before the
summary judgment hearing, Carbajal tendered $2500 to the registry of the court and agreed that
such amount be paid to Garrison. The trial court granted Garrison's motion for summary
judgment but awarded attorney's fees in an amount less than Garrison requested. On appeal
Garrison asserts that the amount of reasonable attorney's fees was established as a matter of law,
and that the trial court erred in awarding a lower sum than she requested.



DISCUSSION


 In two points of error, Garrison argues that because her request for fees was
supported by uncontroverted summary judgment evidence, the trial court erred in awarding a
reduced amount of attorney's fees. Garrison requested attorney's fees of $3586 for services
performed through summary judgment proceedings, an additional $1500 if an appeal were taken
to the court of appeals, $1000 to respond to an application for writ of error to the Texas Supreme
Court, and an additional $750 in the event the application were granted. The trial court awarded
Garrison attorney's fees of $500. Garrison asserts that because appellee failed to offer any
controverting summary judgment evidence, there was no issue before the court as to reasonable
attorney's fees, and therefore the trial court was required to enter judgment for the full amount
of attorney's fees requested. We agree.

 Garrison's summary judgment evidence consisted of two affidavits: one from
Chalone Savant, Garrison's attorney, and the other from William Rittenhouse, an attorney who
shares office space with Savant. Both affidavits state that $3586 is a reasonable attorney's fee
award for services performed in this matter through summary judgment proceedings. An
attorney's affidavit can sufficiently establish reasonable attorney's fees on motion for summary
judgment. Bado Equip. Co. v. Ryder Truck Lines, Inc., 612 S.W.2d 81, 83 (Tex. Civ.
App.--Houston [14th Dist.] 1981, writ ref'd n.r.e.). The attorney for the non-movant may create
a fact issue by filing an affidavit contesting the reasonableness of the movant's attorney's affidavit
in support of attorney's fees. General Specialties, Inc. v. Charter Nat'l Bank-Houston, 687
S.W.2d 772, 774 (Tex. App.--Houston [14th Dist.] 1985, no writ). Appellee, however, failed to
provide any summary judgment evidence that could be considered by the trial court. Appellee's
summary judgment evidence consisted only of Carbajal's affidavit stating that "[p]etitioner's claim
for attorney's fees is without merit and alternatively unreasonable in this matter." The affidavit
did not demonstrate Carbajal's competence to give opinion testimony regarding the reasonableness
of attorney's fees, nor did Carbajal's attorney provide an affidavit. The conclusory affidavit of
a lay witness cannot be considered for the purpose of controverting expert opinion evidence. 
Querner Truck Lines, Inc. v. Alta Verde Indus., Inc., 747 S.W. 464, 469 (Tex. App.--San Antonio
1988, no writ). Therefore, appellant's summary judgment evidence was uncontroverted.

 In the face of uncontroverted summary judgment evidence the trial court could have
awarded attorney's fees in the amount requested or it could have determined that attorney's fees
were not recoverable as a matter of law. American 10-Minute Oil Change v. Metropolitan Nat'l
Bank-Farmer's Branch, 783 S.W.2d 598, 602 (Tex. App.--Dallas 1989, no writ). By finding that
attorney's fees were recoverable, but only in an amount less than that supported by the summary
judgment evidence, the court essentially determined that there was a fact issue which it then
resolved on summary judgment. However, once a trial court determines that a fact issue exists,
it must order a trial on the merits. See id. at 602 & n.2. 

 Because Carbajal failed to contest Garrison's evidence, the only evidence that was
before the trial court supported an award of $3586 in attorney's fees. This evidence was clear,
positive and direct, otherwise credible, and free from contradictions and inconsistencies. Tex.
R. Civ. P. 166a(c). If Carbajal could have controverted Garrison's affidavits, he was expected
to do so by providing his own summary judgment testimony. Because Garrison's summary
judgment evidence meets the five-part test set forth in Rule 166a(c), we conclude that the trial
court erred in finding that a fact issue existed. We therefore sustain Garrison's two points of
error.

 We reverse the judgment of the trial court and render judgment for an amount of
$3586 as reasonable attorney's fees through summary judgment proceedings. Tex. R. App. P.
81(c).




 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Rendered

Filed: November 24, 1993

Do Not Publish