# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00373-CV

### Philip Emiabata and Sylvia Emiabata, Appellants

### v.

### National Capital Management, LLC, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-08-003019, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellants Philip Emiabata and Sylvia Emiabata appeal from a summary judgment in favor of appellee National Capital Management, LLC (National) on its suit for a promissory-note deficiency. The Emiabatas argue that the district court erred by (1) not granting their motion to compel discovery responses, (2) granting summary judgment in violation of an automatic bankruptcy stay, (3) failing to rule on their request for additional time to file an answer and granting summary judgment despite their failure to file an answer, (4) granting summary judgment despite National's failure to provide summary-judgment evidence of the deficiency amount, and (5) awarding National 13.95% post-judgment interest in the summary judgment. For the reasons discussed below, we will affirm the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The Emiabatas entered into a loan agreement in 2001 with CitiFinancial Auto to purchase a Lincoln Navigator from Pavilion Lincoln Mercury in Austin, Texas. The loan agreement, which CitiFinancial Auto subsequently transferred to National, included a security interest in the Emiabatas' Lincoln Navigator. The Emiabatas made initial payments on the loan in accordance with the contract, but then defaulted in 2007 by failing to make payment of the principal and interest due. Following the Emiabatas' default and failure to respond to demands for payment, National repossessed the vehicle and sold it at private auction. According to National, the forced sale left a deficiency of $20,034.91. National filed this case against the Emiabatas, seeking recovery of the deficiency, and subsequently filed a motion for summary judgment. The case was automatically stayed when the Emiabatas filed for bankruptcy protection in federal district court, *see* 11 U.S.C.A. § 362(c) (West Supp. 2011), but once the bankruptcy case was closed and the stay lifted, National re-urged its motion for summary judgment, which the district court granted. This appeal followed.

## DISCUSSION

**Motion to compel**

In their first issue, the Emiabatas complain about the district court's failure to rule on their motion to compel discovery responses. The Emiabatas allege that they served discovery requests on National on March 2, 2010, and when National did not respond, filed a motion to compel those discovery responses. On appeal, the Emiabatas assert that the district court's failure to rule on their motion to compel denied them their right to conduct discovery and, thus, their ability to defend against National's claim.

2

We note initially that, although the Emiabatas have attached a copy of their discovery motion to their appellate brief, there is no motion to compel in the record. We may not consider matters or information that are outside the record. *See In re M.S.*, 115 S.W.3d 534, 546 (Tex. 2003) (holding that "this Court—or any other appellate court—may only consider the record presented to it and we cannot speculate on what might or might not be in the missing portions of the record"). Further, although the Emiabatas assert in their appellate brief that their motion to compel was set for hearing on the same date as National's motion for summary judgment, there is nothing in the appellate record supporting that assertion or indicating that the motion was ever presented to the district court. A complaint that was not presented to the trial court by a timely request, objection, or motion is not preserved for appeal. *See* Tex. R. App. P. 33.1(a).

Even if the record included a copy of the motion and showed that it was presented to the district court, the Emiabatas' motion to compel was premature. The motion attached to the Emiabatas' appellate brief, which is dated March 18, 2010, asserts that the Emiabatas served discovery requests on National on March 2, 2010. Under the rules of civil procedure, discovery responses are due, at the earliest, thirty days after service of the discovery request. *See, e.g.*, Tex. R. Civ. P. 194.3 (requests for disclosure); 196.2 (requests for production); 197.2 (interrogatories); 198.2 (request for admissions). Thus, National's response to the Emiabatas' discovery requests would not have been due until, at the earliest, April 2, 2010. It was certainly not due when the Emiabatas allegedly filed their motion seeking to compel the responses. Therefore, on its face, the Emiabatas' motion to compel lacked merit. Accordingly, we overrule the Emiabatas' first issue.

**Automatic stay**

In their second issue, the Emiabatas assert that the district court violated the bankruptcy code's automatic stay when it granted National's motion for summary judgment. *See* 11 U.S.C.A. § 362(c). The record shows that the Emiabatas filed for chapter 13 bankruptcy protection in November 2008.[1] In most instances when a bankruptcy petition is filed, it triggers an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." *See id.* § 362(a)(1). Any action taken in a proceeding that is subject to the automatic stay is void. *See In re Sensitive Care, Inc.*, 28 S.W.3d 35, 38-39 (Tex. App.—Fort Worth 2000, orig. proceeding) (holding that judgment rendered after bankruptcy petition was filed was void as a matter of law).

The Emiabatas assert that their bankruptcy case was pending when the district court granted National's summary judgment—i.e., April 22, 2010—because they were in the process of appealing the bankruptcy court's dismissal of their chapter 13 claim. We disagree. Although the record confirms that the Emiabatas were appealing the dismissal of their bankruptcy case on April 22, 2010, the automatic bankruptcy stay does not remain effective pending an appeal of the bankruptcy matter. *See In re Sullivan Cent. Plaza, I, Ltd.*, 914 F.2d 731, 736 (5th Cir. 1990). Once the bankruptcy case is closed, dismissed, or a discharge is granted or denied, the automatic stay is lifted. *See* 11 U.S.C.A. § 362(c)(2). The bankruptcy court dismissed the Emiabatas' bankruptcy

---

[1] Generally stated, chapter 13 of the bankruptcy code establishes a method for the reorganization of a debtor's financial situation through the adjustment of debts that requires the debtor to pay at least part of the debts owed. *See* 11 U.S.C.A. §§ 1301-1330 (West Supp. 2011).

case on October 26, 2009, and closed the case on January 19, 2010. Thus, the automatic stay had been lifted when the district court granted National's motion for summary judgment on April 22. Accordingly, we overrule the Emiabatas' second issue.

**Answer**

In their third issue, the Emiabatas complain that the district court granted summary judgment despite the fact that they had not yet filed an answer in this case. Specifically, the Emiabatas challenge the district court's failure to rule on their motion, filed soon after National filed its petition, requesting additional time to file an answer. Assuming, without holding, that the district court erred when it did not rule on their motion or when it granted summary judgment before their answer was on file, the Emiabatas do not explain how the district court's failure to rule on their motion prevented them from filing an answer during the 20 months the case remained pending, nor do they provide any authority for their proposition that an answer must be on file prior to a summary judgment. More importantly perhaps, the Emiabatas do not explain how either error probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1 ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgment."). And, given that the Emiabatas filed multiple pleadings in this matter, including a response to National's motion for summary judgment, we cannot see how the district court's alleged error resulted in the rendition of an improper judgment. Accordingly, we overrule the Emiabatas' third issue.

**Summary-judgment evidence**

In their fourth issue, the Emiabatas assert that the district court erred in granting National's motion for summary judgment because National failed to provide summary-judgment evidence showing that the Emiabatas owed $20,034.91 on the note. Specifically, the Emiabatas complain that National failed to produce evidence of the Emiabatas' payment history on the loan and assert that they were not given credit for all the payments that they had made on the loan.

Because the propriety of a summary judgment is a question of law, we review the district court's decision de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists as to each element of its claim and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue that would preclude summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)).

In its claim for deficiency on a secured transaction, National was required to prove that (1) the Emiabatas executed a loan contract and security agreement specifying the collateral, (2) the Emiabatas defaulted on the loan, (3) the Emiabatas failed to repay the note despite notice and demand from National, (4) National foreclosed its security interest in the collateral and sold the collateral in a commercially reasonable manner, and (5) after disposition of the collateral, a

6

deficiency existed, repayment of which was required to make the secured party whole. *See* Tex. Bus. & Com. Code Ann. § 9.615 (West 2011); *McGee v. Deere & Co.*, No. 03-04-00222-CV, 2005 WL 670505, at *2 (Tex. App.—Austin Mar. 24, 2005, no pet.) (mem. op.). Because the Emiabatas challenge only whether National met its summary-judgment burden regarding one aspect of the fifth element, we will limit our discussion accordingly.

As part of its summary-judgment evidence, National attached to its motion an affidavit from its agent. The agent avers in the affidavit that he is competent to testify and has personal knowledge that, among several other facts, "[a]fter all offsets, credits and payment have been applied, there remains owing on the Note[] the principal amount of $20,034.91." This testimony is sufficient to support a summary-judgment motion. *See American 10–Minute Oil Change, Inc. v. Metropolitan Nat'l Bank–Farmers Branch*, 783 S.W.2d 598, 601 (Tex. App.—Dallas 1989, no writ) (summary-judgment affidavit made on bank vice-president's personal knowledge, which identified the note, the principal balance, and the interest owed after allowing for all offsets, payments and credits was not conclusory when no controverting affidavit was presented to raise a fact issue); *see also Texas Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 518 (Tex. 1999) (citing *American 10-Minute Oil Change*, 783 S.W.2d at 601). Accordingly, because the Emiabatas presented no controverting evidence, National was entitled to summary judgment. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (holding that once movant produces competent summary-judgment evidence establishing its right to summary judgment, burden shifts to non-movant to raise a genuine issue of fact precluding summary judgment); *American*, 783 S.W.2d at 601.

We overrule the Emiabatas' fourth issue.

**Post-judgment interest**

In their final issue, the Emiabatas assert that the district court erred by awarding National 13.95% post-judgment interest in the summary judgment. We disagree. The district court granted summary judgment on National's deficiency judgment, which was based on a breach of the loan agreement. The finance code provides that a judgment on a breach of contract claim will earn post-judgment interest at a rate equal to the lesser of the rate specified in the contract or 18% per year. *See* Tex. Fin. Code Ann. § 304.002 (West 2006). The loan agreement attached to National's motion for summary judgment stipulates that the interest rate on the Emiabatas' loan was 13.95%. Thus, the district court was required to award post-judgment interest at 13.95%. *See id.* Accordingly, we overrule the Emiabatas' fifth issue.

## CONCLUSION

Having overruled the Emiabatas' issues on appeal, we affirm the district court's judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   October 13, 2011

8