

**NUMBER 13-13-00347-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICAH DYER,                                                                                Appellant,

v.

RODOLFO FRANZ D/B/A NATIONAL TOW,                                  Appellee.

### On appeal from the County Court at Law No. 4
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

Appellant, Micah Dyer, sued appellee, Rodolfo Franz d/b/a National Tow, alleging

that Franz owed $2,065.68 plus interest for rents and expenses pursuant to a promissory

note. Dyer's petition requested damages, along with $25,000 in trial court attorney's fees

and conditional appellate fees. The trial court granted Dyer's summary judgment motion

and awarded Dyer $2,065.68 in damages, pre- and postjudgment interest, $2,000 in trial

court attorney's fees, and conditional appellate fees. Dyer appealed, contending that the trial court erred in its award of attorney's fees.[1] We affirm in part and reverse and render in part.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

A motion for traditional summary judgment must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant bears the burden of proof, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We review the trial court's granting of a traditional motion for summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.).

Section 38.001 of the civil practice and remedies code provides that a "person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). The awarding of fees under section 38.001 is mandatory if there is proof of the reasonableness of the fees. *Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 775 (Tex. App.—Corpus Christi 2007, no pet.).

---

[1] Franz has not filed an appellee's brief to assist us in the resolution of this matter.

Generally, the testimony of an interested witness, even if uncontroverted, does no more than raise a fact issue to be determined by the jury. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true as a matter of law. *Id.*; *see* TEX. R. CIV. P. 166a(c) ("A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."). This exception is especially applicable where the opposing party has the means and opportunity of disproving the testimony if it is not true, and fails to do so. *Ragsdale*, 801 S.W.2d at 882. The court, as a trier of fact, may award attorney's fees as a matter of law in such circumstances. *Id*.

Uncontroverted testimony will not always mandate an award of the amount claimed; for example, even though the evidence might be uncontroverted, if it is unreasonable, incredible, or its belief is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact. *Id.* In order for the court to award an amount of attorney's fees as a matter of law, the evidence from an interested witness must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to cast suspicion thereon. *Id.*; *see* TEX. R. CIV. P. 166a(c). In such

3

instances, in the event the trial court denies or minimizes the fee award, appellate courts will reverse the award and render judgment for attorney's fees in the amount proved. *McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 210 (Tex. App.—Austin 2005, pet. denied) (citing *Ragsdale*, 801 S.W.2d at 882 (reversing $150 attorney's fees award and rendering $22,500 award); *Recognition Commc'ns, Inc. v. Am. Auto. Ass'n*, 154 S.W.3d 878, 891 (Tex. App.—Dallas 2005, pet. denied) (reversing jury's zero attorney's fees award and rendering $75,764 award)); *see Am. 10-Minute Oil Change, Inc. v. Metro. Nat'l Bank-Farmers Branch*, 783 S.W.2d 598, 602 (Tex. App.—Dallas 1989, no writ) (reversing trial court's award of $2,500 in trial court fees when uncontroverted affidavit supported an award of $10,000); *cf. Mastin v. Jelinek*, No. 13-11-00494-CV, 2013 WL 1188107, at *5 (Tex. App.—Corpus Christi Mar. 21, 2013, no pet.) (mem. op.) (concluding that the trial court did not err by awarding a fee amount less than that testified to by defense counsel because opposing counsel cross-examined defense counsel and testified that defense counsel "abused the discovery process").

## II. ANALYSIS

By one issue, Dyer argues that the trial court erred by awarding only $2,000 in trial court attorney's fees. He claims that the trial court should have awarded $8,272.44, which is the amount testified to by Dyer's attorney in an affidavit which was uncontroverted by Franz.

We agree. Dyer's motion for summary judgment included an affidavit by his trial counsel, J.W. Dyer. The affidavit stated that reasonable and necessary attorney's fees expended between September 24, 2012 to February 28, 2013 by counsel's firm, Dyer & Associates, in connection with this case was $8,272.44. Four pages of itemized billing

4

records, which substantiate the total amount as averred to by counsel, were attached to the affidavit. The affidavit further stated:

> The following items prove that the amount of attorney's fees associated with this representation are reasonable:
>
> a) This case involves a claim against Franz for breach of contract.
>
> b) The acceptance of this representation prevented Dyer & Associates from providing legal representation in other matters.
>
> c) The fees charged by Dyer & Associates for the work performed by its paralegals, associate attorneys, and senior attorneys as reflected in the attached invoices are similar to what is customarily charged in Hidalgo County, Texas, for similar legal services. Furthermore, under [Texas Civil Practice and Remedies Code section] 38.004 this Court can take judicial notice of (1) the usual and customary attorney's fees and (2) the content of the file, without receiving evidence.
>
> d) This suit is to recover damages as a result of a breach of contract. The amount of damages sought is in the amount of two thousand sixty-five and 68/100ths ($2,065.68) dollars, plus interest and attorney's fees.
>
> e) The attorney-client relationship involved with Plaintiff is 26 years.
>
> f) I am a licensed professional engineer, which gives me a technical advantage over non-engineer attorneys in the area of property law.

Franz did not file a response to Dyer's motion for summary judgment. Accordingly, the only evidence before the trial court as to the reasonable and necessary amount of attorney's fees was Dyer's counsel's affidavit. We find that the affidavit is "clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to cas[t] suspicion thereon." *Ragsdale*, 801 S.W.2d at 882. Moreover, the facts averred to in the affidavit are not unreasonable, incredible, or questionable, *see id.*, and they could have been readily controverted. *See* TEX. R. CIV. P. 166a(c). Franz had the means and opportunity to disprove counsel's testimony if it was not true, but he failed to do so. *See*

5

*Ragsdale*, 801 S.W.2d at 882.  Therefore, under these circumstances, the trial court erred in awarding trial attorney's fees in an amount less than that testified to by Dyer's counsel. *See McMillin*, 180 S.W.3d at 210.  Dyer's issue is sustained.

### III. CONCLUSION

We reverse the trial court's judgment as to trial court attorney's fees and render judgment that Dyer recover $8,272.44 in trial court attorney's fees, representing the amount his trial counsel testified was reasonable and necessary.  The remainder of the trial court's judgment—including provisions awarding damages, interest, and conditional appellate fees—is affirmed.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
27th day of February, 2014.

6