Patrick A. Pirtle, Justice, dissenting
This appeal concerns a summary judgment granted in favor of Appellee, Fannie Mae, in an action to collect a deficiency allegedly owing on a promissory note, following the foreclosure of an apartment complex, based upon a guaranty agreement executed by Appellants, Anibal J. Duarte-Viera, Edward M. Reiss, and Antonio P. Pardo, (herein the "Guarantors"). In affirming the summary judgment, the majority rejects the argument of the Guarantors that Fannie Mae's summary judgment evidence was insufficient to establish a right of recovery as a matter of law. Because I find that there are significant deficiencies in Fannie Mae's summary judgment evidence concerning material facts relevant to the determination of the deficiency, I would reverse and remand. Accordingly, I respectfully dissent.
BACKGROUND
On August 20, 2009, La Fiesta Apartments, LLC, a Florida limited liability company, obtained a loan from Arbor Commercial Funding, LLC for the purpose of purchasing a San Antonio apartment complex. The loan was evidenced by a promissory note secured by a comprehensive deed of trust covering that property, an assignment of rents, and a security agreement. In addition, the promissory note was secured by a guaranty agreement executed by the Guarantors. By the terms of that agreement, the Guarantors "absolutely, unconditionally and irrevocably" guaranteed the "full and prompt payment" of the entire indebtedness due and owing under the terms of the promissory note and security agreements. Arbor Commercial Funding, LLC subsequently assigned to Fannie Mae all of its interest in the loan, including but not limited to the promissory note, deed of trust, and guaranty agreement.
In 2013, Fannie Mae declared the promissory note to be in default, accelerated the unpaid balance, and posted the property for foreclosure. On June 4, 2013, Fannie Mae conducted a foreclosure sale, at which time it was the sole bidder and acquired the apartment complex for a credited bid of $2,376,918.48. On August 30, 2013, Fannie Mae sued the Guarantors for a deficiency allegedly due and owing after the application of all payments and credits. In addition to sums due under the promissory note, Fannie Mae alleged the Guarantors were liable for reasonable and necessary attorney's fees in accordance with the promissory note and security agreements. The Guarantors timely filed a general denial.
On March 10, 2014, Fannie Mae filed its First Amended Original Petition, and on that same date filed its First Amended *272 Motion for Partial Summary Judgment pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure. In that motion, Fannie Mae alleged that the promissory note was in default and that there was due and owing the sum of $732,708.31. Fannie Mae further alleged that a demand for payment had been made to the Guarantors and that they had failed and refused to pay the amounts due and owing.
In response to Fannie Mae's amended petition and motion for summary judgment, the Guarantors filed their First Amended Answer and Response to [Fannie Mae's] Amended Partial Motion for Summary Judgment. In addition to contesting the amount of the deficiency being claimed by Fannie Mae, the Guarantors further claimed they were entitled to a statutory credit pursuant to section 51.003 of the Texas Property Code, based on the difference between the fair market value of the property at the time of the foreclosure sale and the amount of Fannie Mae's credit bid. See TEX. PROP.CODE ANN. § 51.003(b), (c) (West 2014) (providing a statutory offset to persons against whom a deficiency is sought after foreclosure, in the amount by which the fair market value of the property, less remaining claims secured by the property, exceeds the sales price). In support of the claim concerning their right to a statutory credit, the Guarantors offered (1) the affidavit of Antonio P. Pardo and (2) a certified copy of the Bexar County Appraisal District's 2013 Property Appraisal Information Card. Pardo's affidavit valued the property at "no less than three-million ($3,000,000.00) on June 4, 2013" and the Appraisal District records also showed an assessment value of $3,000,000. Fannie Mae's bid was $2,376,918.48, leaving a difference of $623,081.52.
On April 4, 2014, Fannie Mae non-suited its claim for the recovery of attorney's fees and, in light of that non-suit, contended it was entitled to a final summary judgment. That same day, the trial court heard arguments and rendered a final summary judgment in favor of Fannie Mae. The trial court subsequently denied the Guarantors' Motion to Vacate Judgment and Motion for New Trial. The Guarantors then filed a timely notice of appeal.[1]
ANALYSIS
By their first two issues, the Guarantors contend Fannie Mae did not meet its summary judgment burden of proof to show both a default in payment of the promissory note and the amount of the deficiency. By their third issue, the Guarantors contend the trial court erred by striking their summary judgment evidence in support of their statutory offset. Because I agree with the majority's disposition of the Guarantors' first issue and pretermit any discussion of the third issue, I will limit my discussion to the sufficiency of Fannie Mae's summary judgment evidence tending to establish the amount of the claimed deficiency.
STANDARD OF REVIEW ON SUMMARY JUDGMENT
The appellate standard of review applicable to a summary judgment proceeding is well known and I defer to the statement of that standard contained in the majority opinion. That being said, of particular note in this proceeding are two summary judgment principles. The first critical principle is the requirement that, as the *273 movant, Fannie Mae was required to establish every essential element of its cause of action as a matter of law. See Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.1999) ; MMP, Ltd. v. Jones, 710 S.W.2d 59,60 (Tex.1986). The second critical principle is that a conclusory statement will not support a summary judgment, even if no objection was made to that statement at the trial court level. See Wal-Mart Stores, Inc. v. Merrell, 313 S.W.3d 837, 839 (Tex.2010) (holding conclusory evidence lacks probative value and will not support a summary judgment, "even when no objection was made to the statement at trial.") (quoting Coastal Transp. Co. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 232 (Tex.2004).
Conclusory statements contained in an affidavit are not proper summary judgment evidence. See TEX.R. CIV. P. 166a(f) (stating that supporting affidavit must set forth such facts as would be admissible in evidence). To avoid being conclusory, the affidavit of an interested party must be "clear, positive, direct, credible, free from contradiction and susceptible of being readily controverted." Haynes v. City of Beaumont, 35 S.W.3d 166, 178 (Tex.App.-Texarkana 2000, no pet.). It has also been said that a conclusory statement is one that does not provide the underlying facts to support the conclusion. Hon. David Hittner & Lynne Liberato, Summary Judgments in Texas: State and Federal Practice, 52 HOUS. L.REV. 773, 842 (2015) (citing Eberstein v. Hunter, 260 S.W.3d 626, 630 (Tex.App.-Dallas 2008, no pet.) ). A conclusory summary judgment affidavit amounts to no evidence and it is insufficient to support a summary judgment. See Coastal Transp., 136 S.W.3d at 232-33.
Here, the Guarantors contend Fannie Mae failed to prove, as a matter of law, the amount of the deficiency owing on the promissory note. Specifically, they contend Fannie Mae failed to prove the amount of principal, interest, and prepayment penalty owed under the terms of the promissory note because the only summary judgment evidence presented was the conclusory affidavit of Ross A. Heath.[2]
The Guarantors also contend Fannie Mae failed to prove the amount due and owing because a fact issue was raised with respect to whether or not they were entitled to an offset pursuant to section 51.003 of the Texas Property Code. A borrower's right to an offset against a deficiency pursuant to this code provision is an affirmative defense for which the borrower bears the burden of proof. PlainsCapital Bank v. Martin, 459 S.W.3d 550, 557 (Tex.2015). For purposes of this summary judgment proceeding, the trial court found the Guarantors failed to meet their burden of proof as to that issue because the loan documents limited the types of evidence that would be admissible for purposes of establishing the fair market value of the foreclosed property. Because I find significant issues pertaining to other material facts, I will pretermit any discussion of the Guarantors' argument that they were not bound by the original borrower's agreement to restrict the admissibility of evidence relevant to its statutory offset rights.
*274 Concerning the Guarantors' liability, the majority correctly states that a plaintiff seeking to enforce a guaranty agreement securing a promissory note must prove: (1) the terms, existence, and ownership of the guaranty agreement, (2) the terms, existence, and ownership of the underlying promissory note, (3) the occurrence of conditions upon which liability is based, (4) the balance due and owing on the promissory note, and (5) the failure or refusal to perform the terms of the guaranty agreement by the guarantors. See Mae v. United States Prop. Solutions, No. H-08-3588, 2011 WL 66161, at *4-5, 2011 U.S. Dist. LEXIS 1954, at *14 (S.D.Tex. Jan. 10, 2011) (citing Byrd v. Estate of Nelms, 154 S.W.3d 149, 157 (Tex.App.-Waco 2004, pet. denied) ). See also Rockwall Commons Assocs. v. MRC Mortg. Grantor Trust 1, 331 S.W.3d 500, 505 (Tex.App.-El Paso 2010, no pet.) (citing TrueStar Petr. Corp. v. Eagle Oil & Gas Co., 323 S.W.3d 316, 319 (Tex.App.-Dallas 2010, no pet.) ).
As discussed in the majority opinion, Fannie Mae's summary judgment evidence concerning the amount of the deficiency relies entirely on the affidavit of Fannie Mae's senior asset manager for multifamily loss mitigation, Ross A. Heath. In that affidavit, Heath states that the Guarantors failed to pay Fannie Mae "the post-foreclosure amount due and owing under the Note and Guaranty, in the amount of $732,708.31, which is calculated on the attached Exhibit '4.' " In relevant part, Exhibit 4 provides as follows:
CALCULATION OF DEFICIENCY OWED BY GUARANTORS:
Principal Balance Owed on Loan at Time of Foreclosure $ 2,601,578.66 Regular Interest, Default Interest and Late Charge, $ 107,256.80 Owed on Loan at Time of Foreclosure Servicer Advance and Other Fees Paid by Fannie Mae $ 65,243.24 ______________ $ 2,774,078.70 Plus: Prepayment Premium + 732,708.31 ============== $ 3,506,787.01 Less: Insurance Claim - 350,000.00 ______________ $ 3,156,787.01 Less: Credits for Funds Swept to Fannie Mae - 47,160.22 ============== $ 3,109,626.79 ============== Less: Foreclosure Bid Amount $ 2,376,918.48 ============== Deficiency Owed $ 732,708.31
The remaining portion of Exhibit 4 is a detailed computation of the prepayment penalty of $732,708.31. While the majority concludes the computation of the prepayment penalty is adequately supported by the summary judgment evidence, computations within that calculation depend on the amount of principal being prepaid. Therefore, although mathematically complex, as with the garbage in-garbage out principle, if the principal being prepaid has not been established as a matter of law, the prepayment penalty cannot be established as a matter of law. Furthermore, it is important to note that while curiously identical in amount to the deficiency claimed, the prepayment penalty is a separate and distinct calculation from the deficiency owed.
As to the computation of the deficiency, nowhere does Heath explain how the $2,601,578.66 "Principal Balance Owed on Loan at Time of Foreclosure" was computed. Nor does the affidavit provide any information necessary to calculate the "Regular Interest, Default Interest and Late Charge Owed on Loan at Time of *275 Foreclosure" in the sum of $107,256.80. In a single conclusory assertion, Heath avers that "[o]n or before March 2013, the Borrower defaulted on the Loan"; however, he never specifies a date of default. Although a review of the promissory note itself will identify the obligation to pay interest at a specified higher rate (the "default rate"), nowhere does Heath identify a date certain from which any default interest could be calculated. Furthermore, a reader of Heath's affidavit would have to accept as purely ipse dixit his basis for and amount of the "Servicer Advance and Other Fees," the "Insurance Claim," and the "Credits for Funds Swept to Fannie Mae." Not only are the dollar amounts of those sums not found in the promissory note or other security agreements, they are not described in Heath's affidavit other than by simply accepting that they are what he says they are. In short, Fannie Mae has attempted to support its claim for a deficiency judgment by using little more than bare, unsupported, conclusory statements.
In answering the Guarantors' challenge to the conclusory nature of Heath's affidavit, Fannie Mae cites Rockwall Commons for the proposition that a summary judgment affidavit based on the personal knowledge of a bank officer, identifying the notes and guaranty and simply reciting the amount of principal and interest due, is not conclusory. Rockwall Commons Assocs. v. MRC Mortg. Grantor Trust I, 331 S.W.3d 500, 512 (Tex.App.-El Paso 2010, no pet.) (citing Am. 10-Minute Oil Change, Inc. v. Metro. Nat'l Bank-Farmers Branch, 783 S.W.2d 598, 601 (Tex.App.-Dallas 1989, no writ) (purportedly supporting the same conclusion). Fannie Mae misreads this authority.
In Rockwall Commons, the debtor objected to several statements contained in the summary judgment affidavit of the creditor's custodian of records. The debtor claimed the statements were impermissibly conclusory because the balances owed and the interests accrued were stated without explanation of their computation. Agreeing with the debtor that legal conclusions and conclusory statements in an affidavit, without more, were insufficient to establish a right to summary judgment as a matter of law, the court went on to find that the statements in that case were not conclusory because they were adequately supported by other summary judgment evidence. The court found that other summary judgment evidence, specifically a letter from the creditor to the debtor, described "how calculations had been made" and "how interest will accrue." Id. at 513. Furthermore, attached to the letter was a billing statement and copies of calculator tapes containing the calculations. Under those circumstances, the court found the statements contained in the summary judgment affidavit regarding the balance due were not impermissibly conclusory because they were "supported by facts or documentation." Id.
The language supporting Fannie Mae's proposition in 10-Minute Oil Change is even weaker. There the court recited that "[t]he affidavit set forth the principal and accrued but unpaid interest due pursuant to the promissory note, after allowing for all offsets, payments, and credits." The court went on to say that a review of the affidavit indicated that "the principal balance along with the interest was designated in detail. " 10-Minute Oil Change, 783 S.W.2d at 601 (emphasis added).
Without taking certain statements contained in Heath's affidavit concerning the amount of the deficiency ipse dixit, there is no way a court conducting a de novo review could reach the conclusion that Fannie Mae established the amount due and owing as a matter of law. Accordingly, I would sustain the Guarantors' second issue.
*276 CONCLUSION
Because a conclusory statement will not support a summary judgment, I conclude that the trial court erred in granting summary judgment. Accordingly, I would reverse and remand for further proceedings.

Originally appealed to the Fourth Court of Appeals in San Antonio, this case was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann. 73.001 (West 2013). We are unaware of any conflict between precedent of the Fourth Court of Appeals and that of this Court on any relevant issue. See Tex.R.App. P . 41.3.

The majority limits its consideration of the sufficiency of the summary judgment evidence to the questions of (1) a missed loan payment, (2) the date of acceleration, (3) the "servicer advance and other fees paid by Fannie Mae" figure, and (4) the prepayment penalty. Because the issue of the amount of the deficiency was globally raised in the Guarantors' response to Fannie Mae's motion for summary judgment and its briefing on appeal, a de novo review would encompass all fact issues relevant to that determination. See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.2005) (holding that a trial court's summary judgment is reviewed de novo ).